STANBERRY, GIBSON & STANBERRY v. DICKERSON *et al.*

Attorney and client: COMPENSATION. Where attorneys residing in this State are employed to go and render professional services in another State, the compensation to which they are entitled will be governed by the value of such servics in this State, rather than of that in which they were performed.

*Appeal from Cerro Gordo Circuit Court.*

MONDAY, DECEMBER 18.

ACTION to recover of John T. and James Dickerson the value of professional services rendered in the defense of John Dickerson, charged with murder in Martin county, Minnesota. Answer in denial. Jury trial. Verdict for

plaintiffs for $300. Defendants appeal. The necessary facts are stated in the opinion..

*Husted & Cliggett* and *Charles Mackenzie* for the appellant.

*Stanberry, Gibson & Stanberry* and *Adams & Robinson* for the appellee.

DAY, J. — I. The evidence shows that plaintiffs started from Mason City to attend the trial, on Saturday, and that the whole time spent in going, attending the trial, and returning was ten days. Appellant now urges that this time included two Sundays, and that plaintiffs are entitled to no compensation therefor.

There are two satisfactory answers to this position: 1st. This question is raised for the first time in this court. *Peck* v. *Hendershott*, 14 Iowa, 40; *Finley* v. *Brown et al.*, 22 id. 538; *Barlow, Wood & Co.* v. *Brock*, 25 id. 308. 2d. It does not appear that the jury awarded plaintiffs any compensation for these days.

II. J. W. Card, of Mason city, and J. G. Patterson, of Charles city, practicing attorneys, were asked their opinion as to the value of the services rendered by plaintiffs. Defendants objected, upon the ground that it was not shown that witnesses possessed any knowledge of the value of the services in Minnesota, where part of the service was rendered. The objection was overruled. Defendants assign this ruling as error. In our opinion the court held rightly. Plaintiffs are practicing attorneys in Cerro Gordo county, Iowa. Defendants reside in the same county, and employed plaintiffs to go to Minnesota, and render there a specific service. It could not, under these circumstances, have been contemplated by the parties that the compensation for the service should be regulated by the value of such service in Minnesota.

III. It is claimed that the testimony does not sustain the verdict. The evidence is about balanced. Under such circumstances the verdict of the jury is conclusive upon a question of fact.

Affirmed.