Harrison v. The Iowa Midland R. R. Co.

HARRISON v. THE IOWA MIDLAND R. R. Co.

| 36 | 323 |
|----|-----|
| 84 | 668 |
| 36 | 323 |
| 85 | 467 |
| 36 | 323 |
| 124 | 483 |
| 36 | 323 |
| 142 | 152 |

1. **Damages: EVIDENCE OF: RIGHT OF WAY.** In an action to recover damages for right of way through plaintiff's farm, the following question was held not erroneous: "How much less in value was the farm immediately after taking the land for right of way, and in consequence thereof, than it was immediately before, not taking into account any supposed benefits to result from the building of defendants railroad."

2. —— In such case it would not be allowable to ask a witness to give his opinion as to the amount of damages sustained by the taking of plaintiff's land.

3. —— Where a tract of five acres was, by the right of way, cut off from the body of plaintiffs' farm, it was held that the value of the five acres might be proved. The jury might well consider the value of the component parts.

4. —— It was not error in such action for the court to refuse to instruct the jury "that a railroad company is not by law required to fence its road" where the court gave the substance of the act rendering railroad companies liable for injuries to stock resulting from a failure to fence.

5. **Instruction: PRACTICE.** To enable a party to avail himself on appeal of the want of any needed explanation in an instruction not incorrect as a rule of law, he must have asked the court to give such explanation.

6. **Costs: OFFER TO CONFESS JUDGMENT.** Where, after appeal to the district court, the defendant files an offer to confess judgment for a stated sum, and the plaintiff fails to recover more, the costs accruing subsequent to such offer should be taxed against him.

*Appeal from Clinton Circuit Court.*

FRIDAY, APRIL 11.

ACTION in circuit court upon an appeal of plaintiff from an award of commissioners assessing his damages at $250, for the taking of certain of his property by defendant for right of way.

Jury trial. Judgment for plaintiff for $287. Plaintiff appeals. The necessary facts are disclosed in the opinion.

*K. W. Wheeler* and *Cotton & Cross* for the appellant.

*E. S. Bailey* for the appellee.

DAY, J. — I. Upon the trial plaintiff introduced several witnesses and asked of them in substance the following ques-

1. DAMAGES: evidence of: right of way.

tion: "How much less in value was the farm immediately after taking the land for right of way, and in consequence thereof, than it was immediately before, not taking into account any supposed benefits to result from the building of defendant's railroad?"

This question was objected to and excluded.

The witness, however, testified as to the value of the farm immediately before the right of way was taken, and immediately thereafter, not taking into consideration the benefits to result from building the road.

The evidence admitted is in strict accord with the rule established in *Henry* v. *The Dubuque and Pacific Railway Co.*, 2 Iowa, 288, and furnished the jury exact data from which to determine the question asked the witness. There was, therefore, no error in the ruling of the court; certainly none by which appellant was prejudiced.

II. Plaintiff asked of a witness the following question: "State your opinion as to the damage the plaintiff sustained as the owner of that farm, by reason of the taking of the land

by defendant for the construction of its railroad, not taking into consideration any supposed benefits resulting from the building of the road?" At the instance of defendant this question was excluded. In this ruling there is no error. The opinion of a witness as to the amount of damage sustained is not admissible. *Prosser* v. *Wapello County*, 18 Iowa, 327, and cases cited; *Russell* v. *City of Burlington*, 30 id. 262.

III. It appeared from the evidence that the defendant's road cut off from the body of plaintiff's farm a tract of five acres. The defendant was allowed to prove the value of the five acres. In this we discover no error. In determining the value of the farm, after the right of way was taken, the jury might well consider the value of its component parts.

Appellant himself seems to have acted upon this theory. The farm comprises 320 acres. Yet plaintiff's witnesses testified as to the value of the various eighties of which it is composed.

IV. Plaintiff asked the court to instruct the jury: "That a railroad company is not by the law required to fence its railroad track." The court refused to give this instruction as asked, and gave to the jury the substance of the act rendering railroads absolutely liable for injuries resulting from a failure to fence. The instruction given fairly presents the law, and there was no error in refusing that asked.

V. The court instructed the jury that in estimating damages, "future benefits, or the unwillingness of the owner to part with the right of way are to be disregarded." To this it is objected that the jury are not advised as to what is meant by the term "future benefits," and that the instruction should have been more explicit. It is not claimed that the instruction lays down an incorrect rule of law. If, in appellant's opinion, the instruction needed explanation, he should have asked it. Not having done so he cannot now complain. *Miller* v. *Bryan*, 3 Iowa, 58; *Ault* v. *Sloan*, 4 id. 508.

VI. The jury were allowed to view the premises in question.

Respecting this the court instructed the jury as follows: " The
object of your being conducted to view the prem-
ises in question was simply the better to enable
you to understand and comprehend the testi-
mony of the witnesses respecting the same, and thereby the
more intelligently to apply the testimony to the issue on trial.
As before said, your verdict should be based on the evidence
delivered to you in open court, under the law given you in
this charge." To this it is objected that the court erred in
not further directing the jury " that they should not take into
consideration facts known to them personally."

*5. INSTRUC-TIONS: practice.*

They were told this in substance when they were directed
that their verdict should be based on the evidence delivered in
open court. If appellant desired a more explicit instruction
upon this point, he should, as we have before stated, have
asked it. The instruction accords with the rule laid down in
*Close* v. *Samm*, 27 Iowa, 503.

VII. After the appeal was taken the defendant filed in the
circuit court an offer to confess judgment for the sum of $350,
pursuant to the provisions of section 3404 of the Revision.

The plaintiff, upon the trial, having failed to recover as
much as was thus offered to be confessed, the court taxed to
him the costs which accrued subsequently to the
offer. Appellant claims that the appeal was not
an action for the recovery of money in such sense,
as to be governed by the provisions of section 3404. This
position we believe to be unfounded.

*6. COSTS: offer to confess judgment.*

The damages had been assessed by the commissioners, and
the amount awarded paid to the sheriff.

By such payment the right of the defendant to the way over
plaintiff's premises was established. Rev., § 1314. The right
was not suspended by the appeal. The only question pending
upon the appeal was whether the plaintiff was entitled to
recover more than the commissioners had awarded. The
amount determined was payable in money. The action was
for the recovery of money, and it falls within the spirit of the
provisions of section 3404. It would too much narrow this

statute to put upon it the construction asked by appellant. The objects of the statute are to encourage settlements of disputes, put an end to litigation and prevent the accumulation of costs, and it should receive a liberal construction in furtherance of these objects.

We discover no error in the record.

Affirmed.

36 327
82 372

36 327
J93 779

36 327
J104 539

36 327
129 732