MILDRED L. TILTON, appellee and cross-appellant, v. IOWA POWER AND LIGHT COMPANY, appellant.

No. 49612.

(Reported in 94 N.W.2d 782)

FEBRUARY 10, 1959.

Gamble, Read, Howland, Gamble & Riepe, and Clyde E. Herring, all of Des Moines, for appellant.

Hansen, Wheatcraft & Galvin, of Des Moines, for appellee and cross-appellant.

GARFIELD, J.—On the appeal to us by defendant-condemnor the question presented is whether it is liable for fees for plaintiff-condemnee's attorneys in the trial of an appeal from the condemnation award resulting in a verdict lower than that for which defendant had offered to confess judgment. We disagree with the trial court's holding such fees are allowable under these circumstances.

Upon plaintiff's cross-appeal, insofar as it is not decided by our conclusion just stated, the question is whether the allowance of fees to plaintiff's attorneys for services prior to defendant's offer to confess judgment is so inadequate as to amount to an abuse of discretion. We answer this in the negative.

Defendant's action to condemn an easement across plaintiff's farm resulted in an award by the condemnation commissioners of $1925 from which both parties appealed to the district court. Trial there resulted in an award of $2000. Just before the trial defendant offered to confess judgment to plaintiff for $2501 "and for the costs of this action to the date of this offer." Plaintiff rejected the offer.

After the jury in district court returned its verdict (for $2000) plaintiff filed her application for assessment of fees and costs which recites that under section 472.33, Code of 1954, costs and reasonable fees for her attorneys are to be taxed by the court to defendant. Defendant's resistance to this application states that in view of its offer to confess judgment for an amount larger than the jury verdict, plaintiff is entitled to costs and attorney fees only to the date of the offer, not for costs of the trial nor attorney fees therefor.

Over defendant's objections the court heard evidence as to the amount of fees to be allowed plaintiff's attorneys for preparation (before the offer to confess) and trial of the appeal in district court and entered judgment against defendant for fees of $600 for preparation for the trial and a like amount for the trial. As previously indicated, defendant has appealed only from the allowance of attorney fees for the trial.

Section 472.33, Code of 1954, referred to in plaintiff's ap-

plication for assessment of fees and costs, with a. proviso as to attorney fees not here applicable, states: "The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken, * * *."

Code section 677.4 provides: "After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, * * *."

Section 677.5 states: "If the plaintiff, being present, refuses to accept judgment for such sum in full of his demands in the action * * * and on the trial does not recover more than was offered to be confessed, he shall pay the costs of the defendant incurred after the offer." And section 677.10 provides: "If the plaintiff fails to obtain judgment for more than was offered by the defendant, he cannot recover costs, but shall pay the defendant's costs from the time of the offer."

The trial court's decision taxing to defendant fees for plaintiff's attorneys for the trial appears to be based mainly upon failure of the offer to confess judgment to include specific mention of plaintiff's attorney fees as part of "the costs of this action to the date of this offer." The court observed he should have asked that the offer be made specific upon this point and the attorneys should have clarified the matter. Evidently the court felt the provisions as to offers to confess judgment we have quoted from Code chapter 677 apply to appeals to the district court from condemnation awards because he taxed to plaintiff costs of the trial exclusive of fees to her attorneys. And plaintiff does not assign error in this part of the judgment.

■■ I. We have twice held that our statutory provisions relating to taxation of costs accruing after a rejected offer to confess judgment in a larger amount than was later allowed upon trial of an appeal from a condemnation award apply to such a proceeding. Harrison v. The Iowa Midland R. Co., 36 Iowa 323, 326, 327; Draker v. Iowa Electric Co., 191 Iowa 1376, 1385, 1386, 182 N.W. 896.

It is true the Harrison case apparently does not involve the condemnee's right to fees for his attorney. But its holding that the statutes on offers to confess judgment are applicable to appeals from condemnation awards is not thereby weakened. And these statutes, so far as pertinent here, were about the same as they are now.

The Harrison opinion states (pages 326, 327 of 36 Iowa):

"The plaintiff, upon the trial, having failed to recover as much as was thus offered to be confessed, the court taxed to him the costs which accrued subsequently to the offer. Appellant claims that the appeal was not an action for the recovery of money in such sense, as to be governed by the provisions of section 3404. This position we believe to be unfounded.

"* * * The action was for the recovery of money, and it falls within the spirit of the provisions of section 3404. It would too much narrow this statute to put upon it the construction asked by appellant. The objects of the statute are to encourage settlements of disputes, put an end to litigation and prevent the accumulation of costs, and it should receive a liberal construction in furtherance of these objects."

Draker v. Iowa Electric Co., supra, 191 Iowa 1376, 1385, 1386, 182 N.W. 896, does involve the condemnee's right to recover his attorney fees where, as here, trial of the appeal from the condemnation award resulted in an increased allowance, although less than that for which the condemnor had offered to confess judgment. The trial court there taxed to the condemnor costs, including attorney fees, incurred at the time of the offer to confess and taxed to the condemnee costs accruing thereafter and denied his claim for attorney fees incurred after the offer was made. Upon appeal the condemnee assigned error in taxing this part of the costs to him and denying his claim for this portion of his attorney fees. However, we approved the trial court's disposition of the case, largely on the authority of Harrison v. The Iowa Midland R. Co., supra, 36 Iowa 323, from which we quoted the excerpt before set out with some addition thereto.

We think it must be deemed settled by the Harrison and Draker precedents that the statutes now found in Code chapter

677 pertaining to costs where there is a rejected offer to confess judgment apply to appeals from condemnation awards. We regard these decisions as sound and are not persuaded to depart from them as plaintiff urges upon us.

It must be admitted it is not clear from the Draker opinion that the condemnee was denied his attorney fees accruing after the offer to confess judgment was made and complained thereof upon appeal. The briefs and arguments in the case, however, make this clear. And Draker's argument closely resembles that of Mrs. Tilton's here.

Plaintiff calls attention to Code section 472.23 which states: "On the trial of the appeal, no judgment shall be rendered except for costs, but the amount of damages shall be ascertained and entered of record." Plaintiff suggests that in view of this statute provisions of chapter 677 should not be held applicable to condemnation appeals. The same argument was advanced and rejected in the Draker case. It, as well as the Harrison decision, supra, holds such a proceeding as this falls within the spirit of the statutes on offers to confess judgment and calls attention to the provision of section 677.1 which in effect makes these statutes applicable to "an action for the recovery of money." See also Chicago, I. & K. R. Co. v. Townsdin, 45 Kan. 771, 26 P. 427; Bruna v. State Highway Comm., 146 Kan. 375, 69 P.2d 743.

What is now section 472.23 has been in effect since the Code of 1873 (section 1257). Apparently the logic behind it is that personal judgment for the amount of the award should not be entered against the condemnor because of its right to decline, on final determination of the appeal, to take the property and pay the damages awarded. Section 472.34. De Penning v. Iowa Power & Light Co., 239 Iowa 950, 960, 33 N.W.2d 503, 509, 5 A. L. R.2d 716, and citations.

Nothing in McCaskey v. Fort Dodge, D. M. & So. Ry. Co., 154 Iowa 652, 135 N.W. 6, cited by plaintiff, is contrary to the views here expressed. There was no offer to confess judgment in the cited precedent and it does not deal with the question presented now. Draker v. Iowa Electric Co., supra, 191 Iowa 1376, 1385, 182 N.W. 896.

■ II. We think the award of attorney fees accruing subsequent to the offer to confess judgment cannot be upheld on the ground it contained no specific reference to attorney fees. The statute governing taxation to condemnors of costs in appeals from condemnation awards is section 472.33, heretofore quoted. According to this provision "reasonable attorney fees to be taxed by the court" are included within the term "costs" of such appeals. Defendant's offer to confess judgment included an offer of "costs of this action to the date of this offer." And according to the applicable statute such costs, in turn, included reasonable attorney fees already incurred.

■ Section 472.33 is the basis for the award of $600 attorney fees to plaintiff for services prior to the offer to confess. Except as these fees are included within the term "costs", as used in this connection, such fees are not allowable. It is well settled that attorney fees are not awarded as part of the costs unless clearly authorized by statute. Reter v. Davenport, R. I. & N.W. Ry. Co., 243 Iowa 1112, 1125, 54 N.W.2d 863, 870, 35 A. L. R.2d 1306, and citations.

Plaintiff, as she was entitled to do, took advantage of section 472.33 in successfully claiming from defendant as part of the costs attorney fees for services prior to the offer to confess. As previously stated, she has not complained of the taxation to her of costs incurred subsequent to making the offer. It would seem she should not complain if these costs are, in effect, held to include her attorney fees for services during such period.

III. There remains plaintiff's cross-appeal insofar as it relates to the court's allowance of $600 attorney fees for services in preparation for trial, prior to the offer to confess judgment.

Plaintiff's application for assessment of fees and costs contains an itemized statement of hours spent by two members of the firm representing her in preparing for trial. These hours total 43 for one attorney and 27 for the other—70 in all.

At the hearing on this application and defendant's resistance thereto plaintiff produced the testimony of two Des Moines attorneys as to the value of legal services in preparing for trial. One gave his opinion that $20 an hour is reasonable. The other that $15 to $25 per hour is reasonable, the variance depending upon the nature of the case, the attorney's age and experience

and difficulties encountered. In response to questions by the court this second attorney said there are more factors to be considered in fixing fees than the hours spent and he would consider the results obtained and the amount involved as more important.

While plaintiff concedes the fixing of fees in a case of this nature is largely a matter of discretion with the court she argues there was an arbitrary abuse of discretion and complete disregard of undisputed testimony of the two attorneys here.

The court was not bound to accept as verities the opinions of the two attorneys. Obviously they are only approximate estimates. The court itself was an expert as to what are reasonable attorney fees. In re Estate of Rorem, 245 Iowa 1125, 1132, 66 N.W.2d 292, 296, 47 A. L. R.2d 1089, and citations.

This allowance of attorney fees is not reviewable de novo by us. We should not increase the amount unless manifestly inadequate. The trial court has considerable discretion in fixing attorney fees although the exercise thereof must be reasonable, not arbitrary. As authority for these views and the rules governing plaintiff's cross-appeal see In re Estate of Myers, 238 Iowa 1103, 1106, 1107, 29 N.W.2d 426, 427, 428, and citations; In re Estate of Rorem, supra, 245 Iowa 1125, 1130, 1131, 66 N.W.2d 292, 295, 47 A. L. R.2d 1089, and citations. Matters to be considered in allowing attorney fees generally are fully set out in the annotation 143 A. L. R. 672.

The effect of plaintiff's argument is that the allowance of attorney fees should be based entirely on the hours spent in preparing for trial and the opinions of the attorney-witnesses as to a reasonable charge for such services. However, we think the court was also entitled to consider other matters, such as the amount involved and the result obtained. This accords with testimony, to which we have referred, of one attorney-witness. It, as well as his opinion regarding a reasonable charge, was entitled to weight. The time spent in preparing for trial, as well as in the trial itself, resulted in increasing by only $75 the amount awarded by the condemnation commissioners, and this increased sum is $501 less than defendant offered in advance of the trial.

Perhaps a larger allowance of attorney fees might have been upheld. But we do not find sufficient ground for holding $600 is manifestly an inadequate amount for preparation for trial.—Reversed on defendant's appeal; affirmed on plaintiff's cross-appeal.

All JUSTICES concur.