ROY C. NELSON and NELLIE NELSON, appellees, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 50558.

1250

Evan Hultman, Attorney General, C. J. Lyman, Special Assistant Attorney General, Savery & Yarham, of Atlantic, and Smedal & Maurer, of Ames, for appellant.

DeKay & Barnes and Jones, Cambridge & Carl, all of Atlantic, for appellees.

THORNTON, J.—This is a condemnation proceedings wherein the defendant, Iowa State Highway Commission, condemned 9.71 acres of land for the improvement of U. S. Primary Road No. 71 and construction of Interstate Highway No. 80 at the intersection of the two highways in Cass County. Plaintiffs, condemnees, were the owners of a 100-acre farm, 20 acres, a long triangular tract lying in Cass County, and 80 acres lying in Audubon County. The northwest corner of the 20-acre tract corners with the southeast corner of the 80. Plaintiffs' farmstead is located on the 20. Included in the 9.71 acres condemned was plaintiffs' residence, built in 1933. Also included was most of plaintiffs' garden, the trees located around the home, consisting of black spruce and elm trees that served as a windbreak, an orchard of nine fruit trees, and land suitable for grassland and farming. The septic tank for the home was included in the area and water lines to the

home were severed. Plaintiffs' right of direct access was condemned, the access now being limited to one driveway. The condemnation commission awarded plaintiffs $12,750 and they appealed to the district court. The district court jury awarded plaintiffs $27,750, and defendant-commission appeals. It urges here errors in the admission of evidence and the verdict is so excessive as to shock the conscience and is the result of passion and prejudice. Plaintiffs cross-appeal, urging the award of attorney fees of $2000 is inadequate, and that the portion of the order fixing the fees which provides such allowance shall reduce the amount of any contingent fee arrangement between plaintiffs and their attorneys is erroneous.

██ I. Defendant's first assignment of error arose as follows: Plaintiffs alleged damages by reason of increased circuity of travel by reason of the median ditch dividing the four lanes of travel on Highway No. 71. Defendant moved to strike that portion of plaintiffs' pleading. The court overruled the motion. It should have been sustained. Plaintiff was allowed to testify to the circuity of travel caused by the median ditch to go in the opposite direction over proper objection by defendant. Actually what plaintiff testified to is a self-evident fact. Everyone, and we assume the jury, knows it is necessary to travel to a drive or intersection to proceed in the opposite direction when traveling on a four-lane highway divided by a median ditch. The description of U. S. Highway No. 71 would disclose the median ditch. Anyone traveling on the highway would have to take that into account. However, this circuity of travel is not a compensable element of damage to the adjoining landowner. After he reaches the highway his damage, if any, is the same as that to the traveling public. Iowa State Highway Commission v. Smith, 248 Iowa 869, 879, 880, 82 N.W.2d 755, 761, 762, 73 A. L. R.2d 680; and Wilson v. Iowa State Highway Commission, 249 Iowa 994, 90 N.W.2d 161. See also Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60; and Christensen v. Board of Supervisors of Woodbury County, 253 Iowa 978, 114 N.W.2d 897. It would have been proper to sustain defendant's objection to this testimony.

The court specifically instructed the jury such circuity of

travel cannot be the basis for damage and stated: "* * * you are therefore instructed that you shall not take into consideration as an element of damage in this case any inconvenience of circuity of travel to the plaintiffs, if any, occasioned by the said construction of the four-lane divided highway."

Defendant contends this instruction is too little and too late, and the prejudicial effect is apparent in the size of the verdict. However, where the fact testified to is self-evident and would be known to the jury whether plaintiff so testified or not, the specific instruction not to take into consideration such fact as an element of damage cures the error in the admission of such evidence. See Evans v. Iowa Southern Utilities Co. of Delaware, 205 Iowa 283, 288, 218 N.W. 66.

II. The next error urged arose on the cross-examination of one of plaintiffs' value witnesses, Mr. George McCrory. His direct examination showed him to be a farmer living within four miles of plaintiffs' farm, familiar with the area to be condemned, and the farm after condemnation. He testified the fair and reasonable value of plaintiffs' farm immediately prior to the taking was $65,000, and after the taking $28,500, or a difference of $36,500. This is the highest amount of damages testified to by any value witness. On cross-examination he testified, in part:

"* * * I mean by 'fair market value' what Mr. Nelson would have to pay for another set-up if he would have to go out and buy one to replace what he already has. That is my opinion of fair market value. I would say fair market value would be what it is worth to Mr. Nelson. My whole testimony here is based on what this farm is worth to Mr. Nelson and what the damages are to Mr. Nelson."

On redirect he stated he took into consideration the value of the farm and the value of the miscellaneous business (selling hybrid seed corn, repair work, etc.). Defendant's motion to strike the witness's testimony was then sustained. After a presentation of the matter to the court out of the presence of the jury, the court overruled the motion. Plaintiff tried on redirect examination to repair the situation. The witness stated the same before-and-after values after stating he had opinions to questions framed in part as follows, "* * * do you have an opinion as to

the fair market value, that is, the value that a willing seller would take and that a willing buyer would give * * *?"

On recross-examination the witness answered "yes" to this compound question: "And on those values, that in your opinion was what the values were to the plaintiff, isn't that correct? Isn't that what you stated before?" Again on redirect the witness was asked, "When you say 'yes,' you mean that is what you stated before or that was the sole basis of your opinion of what it was worth to Mr. Nelson?" He answered, "That was based on my opinion."

It is plain that nothing has been added to or detracted from the witness's testimony on redirect. A "yes" answer to a compound question and a nonresponsive answer do not change anything. Defendant then moved to strike all of the witness's testimony on redirect on the basis that his valuations were not the fair and reasonable market value before and after the taking. In its motion for a new trial defendant urged error in allowing this testimony to be considered after the witness testified to an improper measure of damage. In Instruction No. 4 the court, in instructing on fair and reasonable market value, stated, "It does not mean what the property is worth to the plaintiff * * *."

The record does not bear out the complaint lodged against the witness's value testimony. When he finally left the stand he had answered questions containing a proper measure of damages. Hamer v. Iowa State Highway Commission, 250 Iowa 1228, 98 N.W.2d 746; and Stortenbecker v. Iowa Power and Light Co., 250 Iowa 1073, 1080, 1081, 96 N.W.2d 468, 472. Some doubt had been cast upon his testimony, but this was a question of weight to be given it by the jury, and not a question of admissibility for the court. The instruction above referred to was sufficient for the jury to properly evaluate the testimony. See Evans v. Iowa Southern Utilities Co. of Delaware, 205 Iowa 283, 218 N.W. 66; and Smalley v. The Iowa Pacific R. Co., 36 Iowa 571.

III. Defendant contends the verdict of $27,750 is excessive, that it shocks the conscience, and is the result of passion and prejudice. The trial court in overruling the motion for a new trial stated the verdict was extremely large and that it was in serious doubt.

A jury verdict should not be disturbed because of its size unless it is so flagrantly excessive as to shock the conscience or raise the presumption it was the result of passion or prejudice, or lacks substantial support in the evidence. And each case must turn on its own facts. Stortenbecker v. Iowa Power and Light Co., 250 Iowa 1073, 96 N.W.2d 468; Trachta v. Iowa State Highway Commission, 249 Iowa 374, 86 N.W.2d 849; Hostert v. Iowa State Highway Commission, 250 Iowa 253, 93 N.W.2d 773; Wilson v. Fleming, 239 Iowa 718, 31 N.W.2d 393; Stoner v. Iowa State Highway Commission, 227 Iowa 115, 287 N.W. 269; Cutler v. State, 224 Iowa 686, 278 N.W. 327; Luthi v. Iowa State Highway Commission, 224 Iowa 678, 276 N.W. 586; and Jenkins v. State Highway Commission, 208 Iowa 620, 224 N.W. 66. An examination of these cases discloses that we do not interfere with the function of the jury where the verdict has rational support in the evidence. This is true even though we consider the verdict larger than we would have rendered if we were members of the jury. We do not substitute our judgment of the fair market value of real property for that of the jury where the verdict is within the reasonable bounds of the evidence. The primary duty to determine this value is the jury's. The trial court has greater powers in granting a new trial or ordering a remittitur because of the size of the verdict than we do. Its opportunity to observe the nature and effect of the testimony is greater. Our function to interfere should be exercised sparingly, and only when the record is clear the jury has not fairly responded to the evidence and instructions.

In this case we cannot say the jury has not fairly responded to the evidence and instructions. The strip of land taken consists of 9.71 acres, it abutted old U. S. Highway No. 71. The remaining tract now abuts a four-lane U. S. Highway No. 71 with access limited to one drive. Plaintiffs' eight-room home, built in 1933, in a good state of repair, together with shade trees and trees serving as a windbreak, and the sewage system to the home, and other land are included in the strip taken. Besides the 80-acre tract which was not directly affected by the taking, plaintiffs now have left a long 10-acre tract, with the remaining farm buildings located in the approximate north and south middle of the tract and taking up about three acres. The small tract to the

south of the buildings is about two acres, and that to the north about five acres. Both of these tracts are of very limited utility for general farming purposes. Before the taking, plaintiff had a complete family farm of 100 acres. He now has, or the jury could so find, little more than a bare 80 acres with buildings, some of which may need to be rearranged to be serviceable with the one driveway allowed. The jury placed the difference in the before-and-after value at $27,750. That is more than $2775 an acre for the land taken. However, there was a home on that land. In 1939 this court held a verdict of $2000 was not excessive for a strip of land of 1.2 acres taken from in front of a home. The strip contained some 19 trees. Stoner v. Iowa State Highway Commission, 227 Iowa 115, 287 N.W. 269.

Plaintiff called four farmers as value witnesses besides himself. They set the damage between $36,500 and $28,500. Defendant called two realtors, they fixed the damage at $13,750 and $18,450. The condemnation commission's award of $12,750 was felt to be inadequate even by the defense witnesses. The jury exercised their judgment within the range of the testimony, disregarding both the highest and lowest figures.

In addition to the above figures we have the benefit of the opinion of another realtor as to the amount of damage. Plaintiffs, in support of their resistance to the motion for a new trial, attached the affidavit of one Carl L. Reed. He estimated the damage at $20,000. Mr. Reed was employed by the defendant to make an appraisal but was not called as a witness. His affidavit does little more than add to the showing already made of the wide variation among apparently qualified persons as to the value of real property. This wide variation is not uncommon. See Hostert v. Iowa State Highway Commission, 250 Iowa 253, 93 N.W.2d 773; and Wilson v. Fleming, 239 Iowa 718, 31 N.W.2d 393. The fact the verdict rendered more nearly reflects the thinking of plaintiffs' witnesses than that of defendant's witnesses is not a sufficient reason for us to interfere. If we did we would merely be substituting our judgment for that of the jury. This we should not do.

IV. Plaintiffs cross-appeal contending the award of.$2000 for fees for their attorneys is inadequate and that the order fix-

ing fees should not have contained the provision that the amount allowed should reduce to that extent any contingent fee arrangement between plaintiffs and their attorneys.

We have no evidence of a contingent fee arrangement other than the statement of the trial court. In view of this meager record we make no determination as to contingent fee contracts in this class of cases. The part of the trial court's order referring to the reduction of the amount of any contingent fee by the amount of the fees is hereby deleted from the order.

The amount of the attorney fees to be fixed was submitted to and determined by the court upon plaintiffs' motion to tax the fee supported by the affidavit of one of plaintiffs' attorneys as to the services performed, and defendant's resistance thereto. The court did not hear nor did the parties offer oral evidence. It is not necessary for the court to hear evidence in support of the motion. The court is an expert on what are reasonable fees. State ex rel. Weede v. Bechtel, 244 Iowa 785, 834, 56 N.W.2d 173, 200; Wilson v. Fleming, 239 Iowa 718, 736, 31 N.W.2d 393, 402; Hall v. Wabash R. Co., 133 Iowa 714, 717, 110 N.W. 1039; and Tilton v. Iowa Power and Light Co., 250 Iowa 583, 94 N.W. 2d 782.

The burden of showing the services rendered and the value thereof rests upon the claimant. In re Estate of Rorem, 245 Iowa 1125, 66 N.W.2d 292, 47 A. L. R.2d 1089. Our review of the allowance of fees is not de novo. We should not increase the amount unless manifestly inadequate. The trial court has considerable discretion in fixing attorney fees although the exercise thereof must be reasonable, not arbitrary. Tilton v. Iowa Power and Light Co., supra, page 590 of 250 Iowa, and page 786 of 94 N.W.2d. The evidence considered, here the affidavit of counsel, and the matters known to the court from the trial of the case, must be such as to support the allowance made. In re Estate of Myers, 238 Iowa 1103, 29 N.W.2d 426; and In re Estate of Dehner, 230 Iowa 490, 298 N.W. 656, 143 A. L. R. 669. Where the service performed reasonably supports a larger allowance and the allowance made is manifestly inadequate when the evidence and all matters necessarily involved are considered, the trial court has abused its discretion and acted arbitrarily, and it

becomes our duty to make a proper allowance. Tilton v. Iowa Power and Light Co., In re Estate of Rorem, In re Estate of Myers, and citations, and In re Estate of Dehner, all supra.

 In determining a reasonable attorney fee to be taxed as costs in this type of case a number of matters should be considered. They include the time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibility assumed, and the results obtained. See annotations, 143 A. L. R. 669 and 56 A. L. R.2d 31, and authorities cited above in this division. In addition, the recovery of a fee in this type of action is wholly contingent upon plaintiff recovering damages in a larger amount than awarded by the condemnation commission.

In this case the award was increased by $15,000. In the affidavit of plaintiffs' counsel attached to their motion, the exact number of hours or days spent in preparation for trial is not set out, however, it shows a substantial amount of time was necessarily spent in all phases of preparation. The case was in the attorney's office for 31 months. The trial took three days. A fourth day intervened, but because of a snowstorm the jury was excused. Plaintiffs ask that a fee of $6000 be allowed. In its resistance defendant points to an allowance of $3500 as being the highest award made in Cass County on a jury verdict of $36,000. Plaintiffs point out the increase in the award in that case was $13,810.

 In considering this matter the trial court stated it was limited to an allowance for one attorney fee. Plaintiffs were represented by two attorneys as was defendant. This is not necessarily correct. Plaintiffs are entitled to reasonable fees for the necessary and reasonable services performed in preparation and trial in the district court. See Wilson v. Fleming, 239 Iowa 718, 736, 31 N.W.2d 393, 402. It is not uncommon to employ two attorneys. The court also considered that plaintiffs had a contingent fee arrangement with their attorneys. As pointed out above its ultimate treatment thereof was error, whether or not it entered into its determination of the amount of the allowance does not appear.

 From the entire record made on the question of fees,

1258

the importance of the single issue involved, the time necessarily spent, results obtained, and considering the fact the fee is contingent on success in raising the award, a majority of the members of this court are of the opinion the amount of attorney fees awarded is within the reasonable discretion of the trial court.

V. On plaintiffs' cross-appeal the order of the trial court is modified to delete the provision that the amount allowed should reduce to that extent any contingent fee arrangement between plaintiffs and their attorneys, otherwise the case is affirmed on both appeals.—Modified on plaintiffs' cross-appeal and affirmed.

All JUSTICES concur except MOORE, J., who takes no part.