IN RE CONDEMNATION OF LANDS.

FLORENCE H. STANLEY et al., appellants, v. CITY OF INDIANOLA, appellee.

No. 52652.

(Reported in 153 N.W.2d 706)

148

OCTOBER 17, 1967.

M. G. Ouderkirk, of Indianola, and Hansen, Wheatcraft & McClintock, of Des Moines, for appellants.

Watson, Elgin & Hoyman and Wilson & Goodhue, all of Indianola, for appellee.

BECKER, J.—Appeal by plaintiff from allowance of attorney fees under section 472.33, Code, 1966. The issue to be decided is whether the attorney fees awarded by the trial court are reasonable. We modify and affirm.

Defendant City of Indianola initiated condemnation proceedings to acquire seven and one-half acres of land to expand the existing city dump. On July 8, 1964, the condemnation commission assessed the damages to plaintiff property owner at $3400. On appeal the district court jury awarded $15,000 as damages. This verdict has not been appealed nor has the City elected not to take the property.

Plaintiffs filed application for allowance of attorney fees pursuant to section 472.33 which provides in part: "The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

Plaintiff was represented by John A. McClintock of the firm of Hansen, Wheatcraft & McClintock of Des Moines and by

M. G. Ouderkirk of Indianola. Application for attorney fees shows services commencing July 8, 1964. No claim is made for services prior to the commission award. On the ninth day of July, 1964, notice of appeal was prepared and filed. In due course a petition was filed. The matter did not come on for trial until May 16, 1966. The trial took two and one-half days.

The application includes an exhibit showing the efforts of the attorneys during the 22-month period between the date of the commissioner's award and the date the verdict of the district court jury was rendered. Mr. McClintock, who acted as chief trial attorney, shows work done on the case on 15 different days during trial preparation. He states that this work consumed 48 charge hours.

Mr. Ouderkirk, who acted as cocounsel at the trial but who apparently took the heavier burden in preparing the case, shows work done on 36 different days. His application first showed 145¼ hours of trial preparation time. By amendment Mr. Ouderkirk reduced the claimed charge hours to 72½. Claimants' attorneys stated that there was some duplication and some overlapping of effort, thus accounting for the reduction.

Both lists of work performed give actual dates for all work and fair detail as to just what was done on each date. Specific hours spent on each effort on each date were not provided.

Until just before trial Mr. McClintock's time was nearly all taken in conferences with his cocounsel who was preparing the case and some legal research. Just prior to trial additional time was taken for a deposition and for conferences with witnesses.

By contrast Mr. Ouderkirk shows substantial additional entries for preparation of petition, visits to premises, review of comparable property listings, conferences with appraisers (at one of which he supplied the appraiser with 151 pages of reports and photostats), arrangements for aerial photographs, conferences with engineering firms and similar pretrial work.

The application as amended requested total fee allowance of $4950. Time was charged at $30 per hour for Mr. McClintock and $20 for Mr. Ouderkirk. Trial was charged at $200 and $100 per day respectively. An additional $1160 was charged for results achieved for the client.

The application was resisted and hearing was had. Applicants produced attorneys Ralph R. Randall, former judge of the ninth Judicial District, Ben Webster, Jr. and Kent Forney, all of Des Moines. All qualified as experts on attorney fees. All agreed the charges suggested by the application were reasonable assuming the pretrial hours shown by the attorneys were reasonable. None felt competent to pass on the question whether 48 and 72½ hours respectively were reasonable showings for pretrial preparation for this particular lawsuit.

Both attorneys for condemnees made professional statements and submitted themselves to cross-examination. Each said the hours spent were, in their judgment, reasonably necessary, and the charges were reasonable. Mr. McClintock's statement also noted preparation of engineering materials that were not used because certain points he thought would be raised by condemnor were not in fact raised. Each stressed the fact that condemnation for a dump (more euphemistically referred to as sanitary landfill) raised novel questions, new to them.

Condemnors called Mr. Dale Ewalt, a practicing attorney in Indianola since 1937, who was also qualified as an expert on the subject. He put the reasonable hourly pretrial rate at $15 because the work was not complicated. The daily charge for trial work was not substantially different from that suggested by condemnees' attorneys. In Mr. Ewalt's opinion the amount of time spent on pretrial preparation was unreasonable. He did not think charges for preparation of a case of this kind could be justified in an amount greater than the per diem charge for the trial.

The trial court allowed $750 for trial fees at the rate of $300 per day for both attorneys for two and one-half days. The case was submitted to the jury at 11:25 a.m. of the third day of trial. After discussing some of the time spent in pretrial skirmishing, particularly in relation to one deposition and in getting a jury trial, the court noted that an additional allowance for a fee for pretrial preparation should not in this case exceed the allowance for time spent in court and should in fact be less than that sum. It thereupon allowed the sum of $650 for pretrial preparation, making a total fee allowance of $1400 which

the court directed be paid at the rate of $700 for each participating lawyer.

I. It may be we have set out the factual background for this decision in more detail than necessary. We have repeatedly held that we will not interfere with the trial court's discretionary action in a matter of this kind unless there has been an abuse of discretion resulting in a manifestly incorrect allowance of fees. Tilton v. Iowa Power and Light Co., 250 Iowa 583, 590, 94 N.W.2d 782.

But we have also said where the action of the trial court is arbitrary it becomes our duty to act, Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 1256, 115 N.W.2d 695: "Where the service performed reasonably supports a larger allowance and the allowance made is manifestly inadequate when the evidence and all matters necessarily involved are considered, the trial court has abused its discretion and acted arbitrarily, and it becomes our duty to make a proper allowance." (Cases cited.)

Our review of this matter therefore requires careful attention to all the significant evidence bearing on the reasonableness of the fee allowance.

II. The action of the court in limiting the allowance for trial compensation to one-half day for the third day of trial time is unrealistic in this case. This action must be predicated on the thought that the attorneys could and should have returned to their offices to accomplish an afternoon's work on other matters while the jury deliberated the fate of their clients' cause.

Some trials important enough to require a jury trial are important enough to require the undivided attention and efforts of the trial lawyer. While modern man has great ability to shift attention from one complicated duty to another, this trait has its limitations. Of course if a jury returns its verdict early in the day and the attorney simply appears to take a verdict in a case that was submitted the day before or if the case does not involve a jury matter, fractional treatment is justified. But such is not the case here.

The recommendations of the Iowa State Bar Association Advisory Schedule of Minimum Fees are not binding on the

parties or on this court, but we note these schedules speak of trial days, or any part thereof.

III. We also think limitation of compensation for pretrial preparation to no more than that allowed for trial is arbitrary. No doubt there are cases where successful attorneys spend as little or less time, in preparation for trial than they spend in trial. But these cases will be found to be the exception rather than the rule. In such cases it will usually be found that someone else has done a great amount of preliminary work to prepare a file for the trial attorney. Preparation is indispensable to adequate presentation.

Each case has its own problems; its own peculiar dangers. Only counsel can determine how much preparation is warranted. We do not think it can be said the hours logged were unreasonable, nor do we think it reasonable to say the time consumed in the abortive attempt to take the deposition of witness Richard I. Currier and the successful attempt to get a jury trial were wasted. Such holding necessarily rejects the statements and the good faith of the lawyers involved.

IV. We have an adequate record to allow reasonable attorney fees. The factors to be considered are well set out in Nelson v. Iowa State Highway Commission, supra, at 1257 of 253 Iowa: "In determining a reasonable attorney fee to be taxed as costs in this type of case a number of matters should be considered. They include the time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibility assumed, and the results obtained. See annotations, 143 A.L.R. 669 and 56 A.L.R.2d 31, and authorities cited above in this division. In addition, the recovery of a fee in this type of action is wholly contingent upon plaintiff recovering damages in a larger amount than awarded by the condemnation commission."

We have also given consideration to the ability and standing of the attorney, State ex rel. Weede v. Bechtel, 244 Iowa 785, 56 N.W.2d 173; Gabel v. Gabel, 254 Iowa 248, 117 N.W.2d 501, and to the place of residence or where the services were performed, Stanberry v. Dickerson, 35 Iowa 493.

This appeal resulted in an $11,600 increase in the award. The damages allowed by the jury and accepted by the condemnor

were 441 percent of the damages awarded by the commission. The entire responsibility for the trial rested on the two attorneys involved. We agree condemnation of land for use as a dump could well raise problems of damage to the remaining property not found in other condemnation cases.

But counsels' estimate of the reasonable number of hours necessary for preparation to satisfy their own professional ethics, however commendable, cannot bind the court. The determination of reasonable attorney fees must be made within the context of the whole case including the entire amount of money involved, the principles at stake and other matters noted. In Tilton v. Iowa Power and Light Co., 250 Iowa 583, 590, 94 N.W.2d 782, we said: "The effect of plaintiff's argument is that the allowance of attorney fees should be based entirely on the hours spent in preparing for trial and the opinions of the attorney-witnesses as to a reasonable charge for such services. However, we think the court was also entitled to consider other matters, such as the amount involved and the result obtained."

Put differently the amount of the fees allowed must be rationally related to the whole case. While we agree with condemnees that the amount awarded by the trial court is manifestly unfair, we do not agree that within the context of this entire case the full amount of fees claimed should be allowed. On the whole record we find that $3600 constitutes a reasonable fee to be allowed here under section 472.33 and so order.

The manner of allocation of such funds can best be determined by the attorneys themselves. We do not know what agreements, if any, they had before associating themselves together for this case. Unless they seek legal determination of the manner of distribution the matter should be left in their hands. Allowance of fees is in favor of the client, not the attorneys, and their charges to the client are not decided here. In Nelson v. Iowa State Highway Commission, supra, at page 1257 we say: "*Plaintiffs* are entitled to reasonable fees for the necessary and reasonable services performed in preparation and trial in the district court." [Emphasis supplied.]

V. We note the attorneys have stated they have no contract to charge their client and do not intend to do so. They

contend that under our constitution and statutes their client should not have to pay any attorney fees in excess of those allowed by the court. Such holding is neither necessary nor desirable. The attorney and client should be free to contract in order that both parties are adequately protected. Litigation of this sort has many pitfalls. The jury can and sometimes does award less than the commission. In that event no attorney fees are allowable and fees are purely a matter of contract between attorney and client. The court may award attorney fees it deems reasonable under all the circumstances but which the lawyer does not deem reasonable in terms of effort involved, time spent, result achieved and other factors. Indeed, the effort may be entirely disproportionate to the size of the case but such effort may have been dictated by the clients' demands. In all cases the parties should be free to contract, or, in the absence of express contract, to seek fair settlement of their problems by such action as is available under quantum meruit.

We remand for modification of judgment in accordance with this opinion.—Modified and affirmed.

All JUSTICES concur except STUART, J., who concurs in the result.

GARFIELD, C. J., dissents in part.

GARFIELD, C. J.—I am willing to concur in the holding the award of attorney fees was manifestly inadequate but would not allow more than $3000.

"Our review of the allowance of fees is not de novo. * * * The trial court has considerable discretion in fixing attorney fees although the exercise thereof must be reasonable, not arbitrary. Tilton v. Iowa Power and Light Co., supra, page 590 of 250 Iowa, and page 786 of 94 N.W.2d." Nelson v. Iowa State Highway Comm., 253 Iowa 1248, 1256, 115 N.W.2d 695, 700 (1962).

In the Nelson case trial of a condemnation appeal resulted in an increase of $15,000 in the award. A trial judge of long experience allowed a fee of $2000 to two prominent firms of attorneys (not to each), opposed by two firms equally prominent in a trial lasting three days. We held the allowance of

fees was within the reasonable discretion of the trial court. There was no dissent.

It is scarcely conceivable we would have held an award by the trial court here of considerably less than the $3600 allowed by the majority was an arbitrary exercise of discretion. Certainly the trial court knew considerably more about the case than we do.