**IOWA STATE HIGHWAY COMMISSION, Appellant,**

v.

**DUBUQUE SAND & GRAVEL COMPANY, Appellee.**

No. 2–59193.

Supreme Court of Iowa.

Oct. 19, 1977.

Kintzinger, Kintzinger, Van Etten, Setter & King, Dubuque, for appellant.

O'Connor, Thomas, Wright, Hammer, Bertsch & Norby, by Robert M. Bertsch and Michael J. Melloy, Dubuque, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This appeal involves the ownership of a platted street involved in an eminent domain proceeding and also the amount of attorney fees to be allowed the condemnee.

In 1856 James M. Marsh platted the village of Marshfield about two miles from Dubuque, Iowa. The plat included a Jackson Street, which was in a marshy area sometimes covered with water.

The plat was accepted by a county judge in 1856 and was recorded. No proceedings were ever taken to vacate the plat. The village did not materialize, however, and Jackson Street was never opened or used.

Notwithstanding that Marshfield did not actually come into being, subsequent transfers of the land involved were by reference to the recorded plat. By three deeds in

1950, 1954, and 1958, Dubuque Sand & Gravel Company acquired 19.89 acres of the land. Its west parcel of 1.33 acres lies between Iowa Highway 3 and a railroad right-of-way, its middle parcel of 10.14 acres lies between the railroad and platted Jackson Street, and its third parcel of 8.42 acres adjoins Jackson Street on the east. The company has not yet used the west parcel but has mined part of the middle parcel for sand and gravel and also about a third of what would be Jackson Street had it been opened. The company uses the east parcel for its processing plant and for stockpiling.

The Iowa State Highway Commission condemned 8.42 acres in the east and middle parcels. The question immediately arose as to the ownership of the area which would be Jackson Street. The commission took the position that the company did not own the street. Hence, according to the commission, the company could claim nothing for the sand and gravel in the street or for adjoining sand and gravel which would be necessary for lateral support to shore up the street. The company contended it owned the area platted as Jackson Street, and the trial court so held and instructed the jury.

The jury raised the condemnation award from $55,350 allowed by the condemnation jury to $107,395. The trial court allowed the company $8475 additionally by way of attorney fees.

The commission appealed on the Jackson Street question and the company cross appealed contending the attorney fee allowance was too low.

■ I. The Jackson Street question involves two issues. One is whether Marsh continued to own Jackson Street, subject to the street easement, after the abutting platted lots passed from his hands, or whether ownership of Jackson Street, subject to the easement, passed to the succeeding owners of the abutting lots. The rule is clear that under the circumstances we have here, the succeeding owners of the lots became the owners of the street, subject to the public easement for use of the street as

such. *City of Dubuque v. Maloney,* 9 Iowa 450; *Town of Kenwood Park v. Leonard,* 177 Iowa 337, 158 N.W. 655; 39 Am.Jur.2d Highways, Streets & Bridges § 160 at 535–537, § 184 at 561–563; 39A C.J.S. Highways § 136 at 855–858, § 137 at 858–860.

■ The other question is whether the public abandoned the street so that its easement ceased to exist. Under present circumstances, we agree with the trial court that the easement no longer existed some 120 years after platting when the condemnation occurred, whether the result be couched in terms of abandonment or estoppel. See *Sioux City v. Johnson,* 165 N.W.2d 762 (Iowa); *Pearson v. City of Guttenberg,* 245 N.W.2d 519 (Iowa); *Clinton National Bank v. City of Camanche,* 251 N.W.2d 248 (Iowa).

The trial court held correctly that at the time of the condemnation the company owned the area platted as Jackson Street, free of easement.

■ II. The trial court's allowance of $8475 as attorney fees is manifestly conservative. Trial courts have discretion in this area. *Nelson v. Iowa State Highway Comm'n,* 253 Iowa 1248, 115 N.W.2d 695; *Tilton v. Iowa Power & Light Co.,* 250 Iowa 583, 94 N.W.2d 782. But if an allowance is manifestly inadequate or excessive, we will change it. *In re Condemnation of Lands,* 261 Iowa 146, 153 N.W.2d 706.

The attorneys for the company necessarily spent much time on the case. They achieved a good result for their client. Proof of the value of the gravel pit was difficult. The case also involved the land title question. We think the trial court should have awarded the company $11,475 for attorney fees, and we so hold.

MODIFIED AND AFFIRMED.