**SUNRISE DEVELOPMENT COMPANY, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Appellee.**

No. 94–1861.

Court of Appeals of Iowa.

Sept. 22, 1995.

John R. Ward, Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellee.

Considered by DONIELSON, C.J., and CADY and HUITINK, JJ.

CADY, Judge.

This is an appeal by plaintiff which requires us to consider the sufficiency of an allowance for attorney fees in a condemnation action pursuant to Iowa Code section 6B.33 (1993). The district court awarded the plaintiff $10,000 in attorney fees. We affirm.

Plaintiff, Sunrise Development Company, owned approximately 38.5 acres of farmland located in Polk County subject to condemnation by defendant, the Iowa Department of Transportation (DOT). Sunrise appealed the condemnation commission's award of $124,-750 in damages to the district court, seeking an award of $500,000 in damages. After a four day trial, the jury returned a verdict of $200,000 in damages. Sunrise's subsequent motion for a new trial claiming inadequate damages was denied by the district court. Sunrise appealed the district court's verdict, which we affirmed. *Sunrise Dev. Co. v. Iowa Dep't of Transp.,* 511 N.W.2d 641 (Iowa App. 1993).

Sunrise later filed an application for costs including attorney fees pursuant to Iowa Code section 6B.33 (1993). It sought $37,625 in attorney fees, or one-half the difference between the condemnation commission's award and the jury verdict, as well as

$4,640.42 in costs. DOT resisted the application claiming a reasonable award for attorney fees and costs would be between $10,000 and $12,000.

The district court held a hearing on the attorney fee application. Sunrise presented a professional statement of its counsel indicating a total of ninety-one and one-half hours in pretrial preparation was spent for this action. It also presented testimony from a Des Moines attorney supporting its claim. Sunrise admitted into evidence the contingent fee agreement between Sunrise and its counsel amounting to one-third of any recovery over $100,000, as well as a written statement concerning the time spent on the case. This written statement contained no hourly or daily details regarding specific time spent by counsel on Sunrise's action and was merely an estimate of total hours. Counsel for Sunrise acknowledged the statement did not represent contemporaneous time records made during the course of litigation, but rather was prepared after the fee dispute arose.

The district court awarded Sunrise $10,000 for attorney fees and $1692 for expenses. In reaching this result, the court considered various factors. It found the litigation was not complex and only required forty hours of pretrial preparation. It also observed that no detailed documentation of the time spent by the attorney was presented at the hearing. The court as well looked to the results achieved at trial, noting that Sunrise sought damages of $500,000 and was dissatisfied with the jury award as indicated by their motion for new trial and the unsuccessful appeal.

Sunrise appealed the fee award. It claims the award was so inadequate as to constitute an abuse of discretion. Sunrise does not contest the district court's award of $1692 for costs.

## I. Standard of Review

■ Our review of the district court's attorney fees allowance in a condemnation case is not de novo. *Nelson v. Iowa State Highway Comm'n*, 253 Iowa 1248, 1256, 115 N.W.2d 695, 700 (1962); *Schrader v. Sioux City*, 167 N.W.2d 669, 674 (1969); *Hethering-*

*ton Letter Co. v. City of Cedar Rapids*, 207 N.W.2d 800 (Iowa 1973). Judges have considerable discretion in awarding reasonable attorney fees, but cannot exercise it arbitrarily. *Nelson*, 253 Iowa at 1256, 115 N.W.2d at 700; *Schrader*, 167 N.W.2d at 674; *Hetherington*, 207 N.W.2d at 804. A trial court abuses its discretion when the evidence and all matters necessarily involved are considered and the award is manifestly inadequate. *Tilton v. Iowa Power and Light Co.*, 250 Iowa 583, 590, 94 N.W.2d 782, 786 (1959). We review the district court's decision only to determine if such an abuse occurred.

## II. Evidence Presented for Attorney Fees Award

■ Iowa Code section 6B.33 (1993) provides an allowance for "reasonable attorney fees to be taxed by the court," for appeals that produce a damage award greater than that given by the condemnation commission. The district court is itself an expert as to what constitutes a reasonable award. *Tilton*, 250 Iowa at 590, 94 N.W.2d at 786; *Schrader*, 167 N.W.2d at 674; *Nelson*, 253 Iowa at 1256, 115 N.W.2d at 699. To be recoverable, "attorney fees must have been reasonable and necessary in the landowner's defense to the condemnation." *Goodwin v. Iowa State Highway Comm'n*, 369 N.W.2d 816 (Iowa 1985).

■ As in any fee allowance claim, the claimant bears "the burden of showing the services rendered and the value thereof." *Nelson*, 253 Iowa at 1248, 115 N.W.2d at 700; *See Sykes v. Iowa Power and Light Co.*, 263 N.W.2d 551 (Iowa 1978). Evidentiary hearings are required if sketchy itemization accompanies the claim filed in the district court. *Rouse v. Iowa Dep't of Transp.*, 408 N.W.2d 767, 768 (Iowa 1987).

A claim for fees in condemnation cases, as in all fee allowance claims, requires appropriate documentation to enable the district court judge insight into the time actually spent, services performed, and the expenses incurred. As found with federal fee-shifting statutes, claimants must present to the court "applications that 'include contemporaneous time records of hours worked and rates

claimed, plus a detailed description of the subject matter of the work with supporting documents if any.' " *Houghton v. Sipco, Inc.*, 828 F.Supp. 631, 643 (S.D.Iowa 1993) (quoting *In re Donovan*, 877 F.2d 982, 994 (D.C.Cir.1989)). Similarly, in indigent criminal defense attorney fee claims, courts have found it beneficial for attorneys to

> attach a supporting affidavit itemizing time spent and stating facts relevant to the difficulty and importance of the issues involved in this case, the responsibility assumed, his experience and ability, and any other factors important in determining reasonable compensation.

*Furey v. Crawford County*, 208 N.W.2d 15, 18 (Iowa 1973). *See Hulse v. Wifvat*, 306 N.W.2d 707 (Iowa 1981). We find the need for detailed documentation equally beneficial for condemnation cases in order for a district court to determine accurate and reasonable attorney fees.

Here, Sunrise's application presented obstacles to an accurate determination of attorney fees. Counsel for Sunrise made no attempts to maintain contemporaneous records of his pretrial preparation in connection with this condemnation case. As well, he admits the written statement provided to the court was prepared after the fee award contest arose, and was his best estimates based upon his calendar. The statement provides no indication of dates, times, rates, or charges to the client.[1]

Sunrise presented testimony of a Des Moines attorney who opined a reasonable fee for this case might be between $30,000 and $39,000, while admitting he was basing his opinion solely on the appellate brief, fee application, and exhibits presented to the court. Counsel for DOT, on the other hand, estimated this type of condemnation claim should result in an award between $10,000 and $12,000 based upon his previous trial and settlement experience.

■ Sunrise also admitted into evidence its contingent fee agreement with counsel. We recognize the attorney fee awards are for the client and not the attorney, and parties to attorney-client relationship in a condemnation case can make their own fee contract arrangements independent of the court's determination of fees. *Carmichael v. Iowa State Highway Comm'n*, 219 N.W.2d 658, 664 (Iowa 1974). However, while a contingency fee agreement may have some relevance in determining an attorney fee allowance, it does not establish the fee. The contingency fee agreement here gave little insight into the amount of time spent by counsel on the claim, or the complexity involved in the claim. Especially in the absence of other accurate, reliable evidence, the contingency fee is clearly not dispositive in Sunrise's attorney fee allowance.

### III. Factors Considered by District Court

■ Sunrise contends, even in the absence of detailed evidence, the district court abused its discretion when it awarded only $10,000 in attorney fees. It believes an attorney fee award must reflect significant increases in damages awarded by a jury verdict, and that the increase of $75,250 from the condemnation commission's award in this case does not adequately reflect this increase, and is manifestly inadequate. Sunrise further argues the results obtained constitute the most important factor the district court should consider in its award of attorney fees in condemnation proceedings.

We "will not interfere with trial court's discretionary action in a matter of this kind unless there has been an abuse of discretion resulting in a manifestly incorrect allowance of fees." *In re Condemnation of Lands*, 261 Iowa 146, 151, 153 N.W.2d 706, 710 (1967). In reviewing for an abuse of discretion, all relevant factors must be considered. These factors include: "time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibility assumed, and the results obtained." *Nelson*, 253 Iowa at 1256, 115 N.W.2d at 700. *See also Sykes v. Iowa*

---

1. It is permissible in attorney fee proceedings to reconstruct hours from whatever information is available. *See In re Marriage of Malec*, 205 Ill. App.3d 273, 150 Ill.Dec. 207, 562 N.E.2d 1010 (1990). The failure to maintain accurate records of time is a factor weighing against full recovery. *Id.*

*Power and Light Co.*, 263 N.W.2d 551 (Iowa 1978); *In re Condemnation of Lands*, 261 Iowa 146, 153 N.W.2d 706 (1967). In determining an accurate award of attorney fees, the court should "pay careful attention to all the significant evidence bearing on the reasonableness of the fee allowance." *In re Condemnation of Lands*, 261 Iowa at 151, 153 N.W.2d at 709. As well, the amount of fees allowed must be "rationally related to the whole case." *Id.* at 153, 153 N.W.2d at 710.

We believe no abuse of discretion occurred. The district court carefully considered the case as a whole, examining the factors set forth in case precedent. Furthermore, the court issued a detailed and thorough ruling addressing these factors and the facts of Sunrise's claim.

The court specifically found, in the absence of detailed, accurate time records, forty hours of pretrial preparation was reasonable for this type of condemnation case. The court found the case did not present any new, unusual, or complex legal issues or pretrial preparation. The district court also considered the results obtained and the services provided by counsel.

Sunrise asserts that the focus of the inquiry should be on the results obtained, and a fee based on one-half of an increase in the award is not unreasonable. The concept of reasonableness, however, cannot be defined in terms of a standard percentage. Moreover, reliance on the results obtained, or any other single factor is improper and can skew the final determination.

We are not insensitive to the financial demands of the bar and the escalating costs of practicing law. *See Sykes*, 263 N.W.2d at 554. At the same time, our task is not to consider the fee allowance independent of the consideration made by the district court, and it is not important that our award may have differed from the district court award.

We find more than ample evidence exists to support the $10,000 allowance. The award is rationally related to the case as a whole. The district court exercised reasonable discretion, especially in light of all the evidence presented.

We find no abuse of discretion in the $10,000 attorney fee allowance and affirm the district court's award.

**AFFIRMED.**