[L. A. No. 28544. In Bank. May 26, 1966.]

EDWARD L. LASCHER, Plaintiff and Appellant, v. STATE OF CALIFORNIA, Defendant and Respondent.

Edward L. Lascher, in pro. per., for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, A. Wallace Tashima and N. B. Peek, Deputy Attorneys General, for Defendant and Respondent.

McCOMB, J.—Plaintiff appeals from a judgment of the superior court granting defendant's motion for a judgment on the pleadings.

*Facts*: Plaintiff, an attorney at law, was appointed by the District Court of Appeal, Second Appellate District, Division One, to represent two defendants in the case of *People* v. *Darnold* (219 Cal.App.2d 561 [33 Cal.Rptr. 369]). He has performed the duties for which he was appointed.

August 26, 1963, the District Court of Appeal filed its opinion affirming judgments of conviction. October 23, 1963, this court denied a petition for hearing. February 17, 1964, the United States Supreme Court denied a petition for writ of certiorari (*Darnold* v. *California*, 376 U.S. 927 [84 S.Ct. 694, 11 L.Ed.2d 623]).

Thereafter, plaintiff made application to the District Court of Appeal for "reasonable compensation." February 25, 1964, the District Court of Appeal ordered "that such reasonable compensation [under the provisions of Penal Code section 1241] is hereby fixed in the sum of $250.00." February 28. 1964, plaintiff filed a petition for rehearing and/or reconsideration of the order awarding compensation, which petition was denied.

Plaintiff then petitioned this court for a hearing, seeking a determination by us that the District Court of Appeal abused its discretion in making the award. April 22, 1964, the petition was denied.

Thereafter, plaintiff filed the present suit against the State of California, seeking compensation for the services rendered by him, as set forth above. Plaintiff alleges that he worked 233.8 hours on the case, and made expenditures of $338, in

proceedings before the District Court of Appeal and this court.

Prior to 1941, no provision was made in this state for the payment of court-appointed attorneys. Such counsel had theretofore served without pecuniary compensation, thus honoring the long recognized concept of the profession that "It is the duty of an attorney: . . . Never to reject, for any consideration personal to himself, the cause of the defenseless or the oppressed." (Bus. & Prof. Code, § 6068, subd. (h).)

By a 1941 statute, the Legislature formulated a somewhat different policy, contemplating that court-appointed attorneys should no longer be required to bear the entire financial burden of accepting appointment as defense counsel in the trial courts.

Thus, in 1941 the Legislature adopted section 987a of the Penal Code to provide for compensation of counsel assigned to represent indigent defendants in certain criminal proceedings in the trial courts. The scope of the legislative enactment has been broadened by subsequent amendments and presently authorizes the payment of reasonable compensation, together with necessary expenses, to counsel assigned in any of such courts to represent indigent defendants charged with the commission of a crime.

No authorization for the payment of court-appointed appellate counsel existed in this state prior to 1955. By the enactment of section 1241 of the Penal Code in that year, however, the appellate courts were authorized to award a "reasonable fee" for the services of counsel appointed to represent indigent defendants on appeals in criminal matters.

At the time the District Court of Appeal made its order in the present case, section 1241 of the Penal Code provided: "In any case in which counsel has been appointed by the Supreme Court or by a district court of appeal to represent a party to any appeal or proceeding in a criminal matter, the court shall fix a reasonable fee for such counsel which shall be paid from the General Fund. . . ."[1]

Question: *Did the superior court have jurisdiction to*

---

[1]In 1965 section 1241 of the Penal Code was amended to read: "In any case in which counsel has been appointed by the Supreme Court or by a district court of appeal to represent a party to any appeal or proceeding in a criminal matter, such counsel shall receive a reasonable sum for compensation and necessary expenses, the amount of which shall be determined by the court and paid from any funds appropriated for that purpose. . . ."

*award plaintiff compensation for his services as court-appointed counsel in the District Court of Appeal?*

*No.* The District Court of Appeal, acting under section 1241 of the Penal Code, awarded plaintiff a sum which it determined to be a reasonable fee for his services.[2] His claim for compensation was passed upon by the District Court of Appeal again when it denied his petition for reconsideration and was also passed upon by this court when it denied his petition for hearing.

Plaintiff's claim and the issues presented therein cannot be relitigated in the superior court. To do so would violate a fundamental principle of our system of jurisprudence, that a lower court is bound by the findings, judgments, orders, and opinions of a higher court. (See *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Accordingly, since the superior court could not make an award to plaintiff without reviewing the order of the District Court of Appeal and the order of this court denying a hearing, it lacked jurisdiction to proceed and therefore correctly granted defendant's motion for a judgment on the pleadings.

If they deem it advisable to do so, the Legislature or the people on an initiative amendment may alter the present rule.

The judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

Appellant's petition for a rehearing was denied June 22, 1966.

---

[2] In *Hill* v. *Superior Court,* 46 Cal.2d 169 [293 P.2d 10], in construing the term "reasonable sum for compensation," as used in section 987a of the Penal Code, we held: ". . . the criteria to be used in determining a 'reasonable sum' for compensation in this type of case are not the same as those ordinarily used in fixing fees for services performed as the result of a private transaction between counsel and a solvent client." (P. 174 [1b].)

In that case we adopted the following criteria as providing at least one set of standards for determinining the "reasonableness" of fees awarded appointed counsel: (1) The practice in other jurisdictions; (2) the minimum fee schedule adopted by the local bar association; (3) the compensation paid to public officers; and (4) the attorney's duty to the defenseless or the oppressed. These criteria were held to have been satisfied in the *Hill* case.