216 So.2d 44 (1968)
Mildred GANT, Appellant,
v.
STATE of Florida, Appellee.
No. K-395.
District Court of Appeal of Florida. First District.
November 26, 1968.
*45 Law Firm of Ben Daniel, Jr., and Donald N. Denson, Ocala, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
WIGGINTON, Chief Judge.
Defendant seeks reversal of an order rendered by the trial court which rescinded a previous order awarding fees to her attorneys.
Appellant was charged in an information with the offense of murder in the second degree. She was adjudged insolvent and an order was rendered appointing J.J. Caruso, a member of the bar of that court, to represent her. A plea of not guilty was entered and the case was set for trial at a later date. On the day the case was called for trial the minutes of the court reflect that at the request of J.J. Caruso, the court appointed Ben Daniel, Jr., and Donald N. Denson, members of the local bar, to assist Mr. Caruso in the trial of the case.
Immediately upon their appointment counsel researched the law pertinent to the charges against defendant, interrogated witnesses both for the defense and for the State, prepared necessary jury instructions, and thereafter represented the defendant during the trial of the case which terminated in a verdict of not guilty being directed by the court in favor of appellant. Appellant's counsel were appointed, rendered services on her behalf, and concluded the trial all on the same day. Thereafter, Attorneys Daniel and Denson filed in the cause their motion praying for an order fixing and awarding to them a reasonable attorney's fee for the services rendered pursuant to their appointment. This motion was supported by an affidavit of a member of the bar in good standing who attested that in his opinion a reasonable fee to be allowed for the services rendered by appellant's attorneys is $750.00. Upon consideration of the motion before it, the trial court rendered its order on May 21, 1968, awarding appellant's attorneys, Daniel and Denson, a fee of $150.00 and directing the clerk of the court to forthwith pay the fee as awarded.
Some two months later, without further proceedings being had in the premises, the trial court entered a supplemental order in which it is recited that upon further consideration the court feels that it should recede from its order theretofore entered awarding an attorney's fee to appellant's appointed counsel, Daniel and Denson; and thereupon ordered and adjudged that the prior order of May 21, 1968, be set aside and held for naught. Appellant's attorneys were furthermore ordered to return to the clerk of the court for cancellation the check previously issued to them in payment of the fee awarded them.
Appellant presents two points on appeal for our consideration. She first contends that under the clear provisions of the statute a mandatory duty is imposed upon the trial judge to fix and award a fee to the attorneys appointed by the court to represent her under the facts and circumstances of this case, and the court erred in holding to the contrary.
The section of our statute relating to the operation of the office of public defender provides in pertinent part as follows:
"(2) In addition, any member of the bar in good standing may be appointed by the court or may register his or her availability to the public defender of each judicial circuit for acceptance of special assignments without salary to represent insolvent defendants. Such persons shall be listed and referred to as special assistant public defenders and be paid a fee; such fee shall be fixed by the trial judge and shall be paid in the same manner *46 as counsel fees are paid in capital cases or as otherwise provided by law. In addition, defense counsel may be assigned and paid pursuant to any existing or future local act or general act of local application.
"(3) If at any time during the representation of two (2) or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff, it shall be his duty to move the court to appoint one (1) or more members of the Florida Bar who are in no way affiliated with the public defender in his capacity as such, or in his private practice, to represent those accused. Provided that the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict and said attorney may, in the discretion of the court, be paid a fee as is provided in subsection (2)."[1]
A literal interpretation of subsection (2) of the above-quoted statute would indicate, and we so hold, that if a member of the bar in good standing is appointed by the court to represent an indigent defendant charged with a crime, and in doing so to act in the capacity of a special assistant public defender, a mandatory duty rests upon the court to fix and award a fee to the attorney so appointed for the services rendered on behalf of the county in which the charge originated.
A literal interpretation of subsection (3) of the statute above quoted would indicate, and we so hold, that if a member of the bar in good standing is appointed by the court to represent an indigent defendant because the public defender is disqualified on account of a conflict of interest, or otherwise, to furnish such representation, then such appointed member of the bar is not acting as an assistant public defender and may, in the discretion of the court, be awarded a fee for the services rendered by him pursuant to such appointment. This provision of the statute does not impose a mandatory duty on the appointing judge to fix and award an attorney's fee to appointed counsel in every instance, but permits the allowance of such a fee if in the judgment of the appointing court the payment of compensation by the county for the attorney's services is warranted and justified. Attorneys so appointed under this provision of the statute are not entitled as a matter of right to the award and payment of a fee for their services. If in the discretion of the appointing court the payment of a fee is neither warranted nor justified, the services rendered by the appointed attorney must be considered a contribution to the public welfare and the administration of criminal justice in accordance with the finest traditions of the legal profession which have prevailed since time immemorial.
From the record before us we find no indication either in the order appointing Mr. J.J. Caruso to represent appellant, or appointing attorneys Ben Daniel, Jr., and Donald N. Denson to assist Mr. Caruso in the trial of the case, as to whether their appointments were made pursuant to subsection (2) of the statute under which the appointed attorneys would become assistant public defenders and entitled as a matter of right to the award and payment of an attorney's fee, or whether the appointments were made under subsection (3) of the statute in which the award and payment of an attorney's fee for the services rendered by them is discretionary with the appointing court. Furthermore, we are unable to find an answer to this question from the recitals, or lack thereof, contained in the order appealed herein rescinding the previous order awarding attorney's fee.
*47 It is noted, however, that in the order awarding an attorney's fee of $150.00 to Attorneys Daniel and Denson for their services in representing appellant, it is recited and adjudged that the attorneys are entitled to a fee under the provisions of Chapter 27.53(2), Florida Statutes 1967. From the finding and conclusion expressed in this order we must assume that the original appointment of Attorneys Daniel and Denson was pursuant to subsection (2) of the statute which entitles them to the payment of an attorney's fee as a matter of right.
The second point presented by appellant questions the reasonableness of the fee initially awarded by the court in its order of May 21, 1968, which was later rescinded and set aside. Although the amount allowed as compensation for the services rendered by appellant's counsel appears to be conservatively low as compared to the value of legal services usually agreed upon by voluntary contract between attorney and client, we are not inclined to hold that the amount allowed is so unreasonably low as to constitute an abuse of discretion. Attorneys rendering services pursuant to appointment by the court as assistant public defenders under subsection (2) of the above-quoted statute should not expect, nor are they entitled as a matter of right to receive compensation in amounts commensurate with that which would normally be paid for similar services emanating from a voluntary-attorney client relationship.
For the reasons above stated we hold that the trial court was authorized under F.S. Chapter 27.53(2), F.S.A., to award and pay to appointed counsel a fee for their representation of appellant in the prosecution of the charges against her, and that the awarding of such fee and the fixing thereof in the amount set forth in the trial court's order of May 21, 1968, was authorized and is reasonable under the circumstances of this case. It is our further view, and we so hold, that the court erred in concluding that it was not authorized to award to appellant's counsel a fee as set forth in his previous order, and therefore erred in entering the order appealed herein on July 26, 1968, setting aside and holding for naught the previous order awarding fees. The order appealed is accordingly reversed and the cause remanded for such further proceedings as may be deemed necessary and proper.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] F.S. Chap. 27.53, F.S.A.