487 P.2d 1271

Wendell E. BENNETT, Plaintiff and Appellant,

v.

DAVIS COUNTY, a municipal subdivision of the State of Utah, Defendant and Respondent.

No. 12311.

Supreme Court of Utah.

Aug. 13, 1971.

Wendell E. Bennett, of Strong & Hanni, Salt Lake City, for plaintiff-appellant.

Bennett P. Peterson, Co. Atty., Farmington, for defendant-respondent.

CALLISTER, Chief Justice:

Plaintiff, an attorney, initiated this action to recover compensation at the rate of $25 per hour from Davis County for his work as appointed counsel for three indigent criminal defendants. Davis County, pursuant to Chapter 64, Title 77, U.C.A.1953, as amended 1965, had established by resolution the Davis County Criminal Defense Program. The trial court found that the fees set forth in this program were not unreasonable in view of all the circumstances, namely, $15 per hour for in-court work and $10 per hour for out-of-court work, plus reasonable expenses incurred. The trial court awarded plaintiff judgment in accordance with the fee schedule; plaintiff appeals therefrom.

Plaintiff urges that Davis County's predetermined fee schedule was arbitrary, capricious and unreasonable and did not comport with the statutory standard of Sec. 77–64–6(1), U.C.A.1953, as amended 1965, that appointed counsel be awarded "reasonable compensation." Plaintiff has in effect equated reasonable compensation with the factors he considers of significance, i. e., the $25-per-hour minimum fee

for legal services recommended by the Bar, and his alleged overhead expenses of $12.50 per hour.

The issue of reasonable compensation was a disputed issue of fact; and the record reveals sufficient evidence to support the trial court's determination. Davis County in its plan adopted the standards set forth in the Federal Criminal Justice Act of 1964; the County Commission consulted with the Davis County Bar regarding the reasonableness of the fee schedule.

It should be observed that in Ruckenbrod v. Mullins,[1] this court stated:

> * * * The attorney, because of his position as officer of the court, can be compelled by the court to render gratuitous services in the defense of indigents, and an attorney who has been so appointed is not entitled to compensation from the public in the absence of a specific statute to the contrary. * * *

The subsequent legislative enactment providing compensation should be interpreted in accord with Ruckenbrod case, which adds a further dimension to the disputed terms. The objective of this corrective legislation was to ameliorate the prior condition, wherein an officer of the court was compelled to contribute his time and efforts gratuitously. Considered within this context, there is no basis to hold that "reasonable compensation" is synonymous with the rate which an attorney might charge for legal services in his private practice.

The judgment of the trial court is affirmed. No costs awarded.

TUCKETT, HENRIOD and CROCKETT, JJ., concur.

ELLETT, J., concurs in the result.

1. 102 Utah 548, 562, 133 P.2d 325, 331, (1943).