UNITED POWER ASSOCIATION and
Cooperative Power Association,
Plaintiffs and Appellees,

v.

Ralph FABER, et al., Raymond K. Vellanga, et al., Leonard Winje, et al., Kenneth Theodore Frolek, et al., and Douglas M. Mund, et al., Defendants and Appellants.

Civ. No. 9549.

Supreme Court of North Dakota.

March 15, 1979.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiffs and appellees; argued by John D. Kelly, Fargo.

Baer, Asbridge & Robb, Carma Christensen, Bismarck, and Joseph A. Vogel, Jr., Mandan, for defendants and appellants; argued by Darold A. Asbridge and Richard B. Baer, Bismarck.

ERICKSTAD, Chief Justice.

The defendants, whom we shall hereafter refer to as the landowners, appeal to this court from an order of the District Court for Richland County dated May 26, 1978, which awarded fees and costs to the landowners in connection with all legal services provided by Richard Baer and the law firms with which he was associated in the sum of $8,016.83 less a credit of $3,875 which had been paid under an interim order, and awarded fees and costs to the landowners in connection with all legal services provided by Darold Asbridge and the law firms with which he was associated in the sum of $8,899.82 less a credit of $4,500 which had been paid under an interim order.[1] We affirm the order.

---

1. The pertinent provisions of the order of May 26, 1978, follow:

"1. For legal services rendered by Richard Baer—80 hours of travel time, research, consultation time with witnesses, clients and for attending depositions plus 56 hours of trial time—all at the rate of $50.00 per hour for a total of $6,800.00, together with the following costs:

| | | |
|---|---|---|
| a. | Long distance phone calls | $105.87 |
| b. | Room and board | 264.11 |
| c. | Mileage and travel | 585.60 |
| d. | Miscellaneous expenses | 261.25 |

The total award of fees and costs assessed against plaintiffs in connection with all legal services provided by Richard Baer and the law firms he was associated with is the sum of $8,016.83. From said total, plaintiffs are entitled to a credit for the sum of $3,875.00 which has heretofore been paid under the interim order of this Court, entered in May of 1977, in connection with the services of Richard Baer and the firm of Christensen, Baer and Thompson. The total net amount due hereunder, after giving credit for the payment already made by plaintiffs is the sum of $4,141.83.

This appeal arises out of a condemnation proceeding commenced by United Power Association and Cooperative Power Association, whom we shall hereafter refer to as UPA–CPA, affecting 18 landowners and their spouses in Richland and Sargent Counties. UPA–CPA sought through the condemnation proceedings the right to erect and maintain a 400 kilovolt direct current electrical transmission line across the property of the landowners. The proceeding was commenced in November of 1975, and the issue of use and necessity was tried to the district court in Richland County during a trial which extended from January 17, 1977, to January 21, 1977, and from March 8, 1977, to March 11, 1977. UPA–CPA submitted their brief to the court on April 23, 1977, and the landowners submitted their brief to the court on May 23, 1977.

In late March of 1977, the landowners filed with the district court motions for attorneys' fees, together with affidavits and itemized statements of attorneys' time, services, costs and expenses incurred to that date. In May of 1977, the court awarded approximately one-fourth of the requested amounts.

On September 7, 1977, the court issued its memorandum opinion granting UPA–CPA the right to construct an electrical transmission line across the property of the landowners, subject only to payment of just compensation for the taking of the property. Judgment to that effect was entered on September 16, 1977.

In February of 1978, the landowners filed with the district court motions, affidavits, and supplemental statements of attorneys' time, services, and expenses covering the interim between the earlier motions and the court's memorandum opinion of September 7, 1977. On March 21, 1978, the district court issued its memorandum opinion, and on May 26, 1978, the district court issued its order from which this appeal is taken. The landowners have not filed a transcript of either of the hearings relative to the attorneys' fees and costs, asserting as the reason that no sworn testimony was taken at those hearings and that the hearings were based upon affidavits filed with the court.

According to affidavits submitted on behalf of the Vogel Law Firm of Mandan, and the Christensen, Baer, Thompson Law Firm of Bismarck, a total of 637.61 hours were expended in preparation for trial, trial, and briefing of the issues involved in determining use and necessity. They summarize their fees and expenses as follows:

"2. For legal services rendered by Darold Asbridge—80 hours of travel time, research, consultation time with witnesses, clients and for attending depositions plus 56 hours of trial time—all at the rate of $50.00 per hour for a total of $6,800.00 together with the following costs:

a. Room and board                    $ 231.00
b. Miscellaneous expenses              1754.72
c. Long distance phone calls            114.10

The total award of fees and costs assessed against plaintiffs in connection with all legal services provided by Darold Asbridge and the law firms he was associated with is the sum of $8,899.82. From said total, plaintiffs are entitled to a credit for $4,500.00 heretofore paid under the interim order of this Court, entered in May of 1977, in connection with the services of Darold Asbridge and the Vogel Law Firm. The total net amount due hereunder, after giving credit for the said partial payment already made by the plaintiffs is the sum of $4,399.82.

"For the reasons set forth in the memorandum opinion of March 21, 1978, the balance of the sums sought for attorney fees and costs in connection with the services of Richard Baer and Darold Asbridge and the law firms of Christensen, Baer and Thompson and the Vogel Law Firm are hereby denied.

"The Court in its discretion, after considering all of the factors and elements relating to the award of attorney fees under § 32–15–32 of N.D.C.C. as set out in various decisions by the North Dakota Supreme Court hereby determines that the awards of attorney fees and costs as included in its memorandum opinion of March 21, 1978, is just and fair and is an appropriate exercise of the discretionary award of attorney fees and costs as authorized by the said statute."

Attorney's time—637.61 Hours at
$50 per hour =          $31,880.50

Attorney's expenses—        4,537.61

Total Fees and Expenses—    $36,418.11

The trial court, in its order of May 26, 1978, awarded total fees and costs in favor of the landowners in the amount of $16,916.65. Of this amount, the court awarded $3,316.65 as out-of-pocket expenses.

The landowners contend that the trial court, in denying almost $20,000 of the total claim for fees and expenses, has abused its discretion, and that therefore this court should reverse the trial court's order and grant the amount of the fees and costs requested.

Just prior to the determination of the award, the district court set forth its views in the memorandum opinion:

"The Court, having considered the character of the services rendered by the landowners attorneys, the results achieved; that the attorneys had been involved in comparable litigation on many of the same issues with the same plaintiffs a relatively short time before the case under consideration; that both Baer and Asbridge were representing the same clients, and, considering the ability and skill of said attorneys and the fact that many of the hours they list were utilized in attempting to abort the trial itself and that they were consistently unsuccessful in those efforts; that many hours listed involved seemingly over extended conferences with their clients and witnesses before and during the trial, the Court makes the following award of fees and expenses: . . . ."

The landowners attack the explanation of the trial court on the grounds that there was benefit in delaying the trial on the issue of use and necessity until the Public Service Commission had determined the corridor pursuant to Chapter 49–22, N.D.C.C.; that pursuant to *Square Butte Electric Cooperative v. Hilken,* 244 N.W.2d 519 (N.D.1976), they had the responsibility of

proving that the DC line would not stabilize the existing AC generating and transmission systems in the state; and that further, pursuant to *Square Butte,* they had the responsibility of showing that the Co-ops would not require additional electrical power. The landowners especially stress that part of our decision in the *City of Bismarck v. Thom,* 261 N.W.2d 640 (N.D.1977), wherein at page 646, we said:

"We conclude, after reviewing all of the foregoing and related cases, that in determining a reasonable fee the trial judge must first determine the number of hours expended. Whenever possible his findings should be made upon contemporaneous records, and when such records are not available, then upon reasonable reconstruction or estimates of time amounts. The trial judge must then assign specific hourly rates based upon the attorney's experience and reputation which will constitute the 'lodestar.' The hourly rate can be adjusted upwards or downwards on the basis of objective evaluation of the complexity and novelty of the litigation and the corresponding degree of skills displayed by the attorney.

"The trial court or judge should also consider the character of the services rendered, the results which the attorney obtained, and the customary fee charged in the locality for such services, as well as the ability and skill of the attorney. The court should not rely on any single item in determining reasonable attorney fees. The number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees."

They especially stress the last sentence thereof.

UPA–CPA respond to those contentions by asserting that Section 32–15–32, N.D.C.C., explicitly makes the award of costs including reasonable attorneys' fees discretionary with the trial court.[2]

2. "The court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include interest from the time of taking except interest on the amount of a deposit which is available for withdrawal without prejudice to right of appeal, costs on

In support of their contention that what the court did was within its legal discretion, UPA–CPA refer us to what was said in *United Development Corp. v. State Highway Dept.,* 133 N.W.2d 439, 446 (N.D.1965), as follows:

"The amount of such reasonable attorney's fee in any given case is to be determined in the sound discretion of the trial court. The attorney's fee so allowed is not awarded to the attorney but to the client."

Their contention is that nothing in *City of Bismarck v. Thom, supra,* or in the earlier decisions of this court construing Section 32–15–32, N.D.C.C., including *United Development Corp. v. State Highway Dept., supra,* and *Morton County Board of Park Com'rs v. Wetsch,* 136 N.W.2d 158 (N.D. 1965) indicates that the trial court must award fees for each hour of legal services no matter how unproductive, wasteful, or duplicating the services may have been.

They assert that unless this court is prepared to rewrite Section 32–15–32, N.D. C.C., to require an award of fees for each hour of legal service provided no matter how wasteful or unproductive, the order of May 26, 1978, must be sustained.

UPA–CPA also refer us to *Baer v. O'Keefe,* 235 N.W.2d 885 (N.D.1975), in which this court sustained the trial court in its discretionary reduction of attorney's fees in a criminal case. They further refer us to our decision in *Hughes v. North Dakota Crime Victims Rep. Bd.,* 246 N.W.2d 774, 777 (N.D.1976), in which we said:

"If court-awarded attorney fees are to be based primarily upon time spent in preparation, the result would be that the most competent, experienced lawyer would receive the lowest award."

In concluding that the court's order should be affirmed, it is our view that the burden of showing that the trial court abused its discretion is upon the landowners in this case, and we are not convinced that they have adequately borne that burden. Even though we may have stressed the importance of establishing the hours of time spent and the rate per hour in the *City of Bismarck v. Thom, supra,* this must be considered in light of the discussion therein, and should in no way militate against the trial court's use of its discretion in evaluating the bill for fees and costs in light of the other factors to be considered. As we did not try the case, we are in a difficult position to find that the trial court abused its discretion in the awards made for attorney fees and costs in the trial of the issues of use and necessity.

In *Piper v. Piper,* 239 N.W.2d 1, 3 (N.D. 1976), in attempting to determine whether or not the trial court abused its discretion in denying a motion for new trial, we approved a definition of that phrase as involving an unreasonable, arbitrary or unconscionable attitude on the part of the court. We find no evidence of such an attitude on the part of the court in this case. *See also, Wall v. Penn. Life Ins. Co.,* 274 N.W.2d 208, 218 (N.D.1979).

What we are speaking of reviewing herein, are the fees and costs that may be imposed upon the condemnor by Section 32–15–32, N.D.C.C. In determining that issue, reason must apply, and the trial court is the court in the first instance that must apply it. Not being convinced that the district court erred in the exercise of its discretion, we affirm the order of the district court.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

---

appeal, and reasonable attorney's fees for all judicial proceedings. If the defendant appeals and does not prevail, the costs on appeal may be taxed against him. In all cases when a new trial has been granted upon the application of the defendant and he has failed upon such trial to obtain greater compensation than was allowed him upon the first trial, the costs of such new trial shall be taxed against him." § 32–15–32, N.D.C.C.