Mark S. SOLDAT, Plaintiff,

v.

The IOWA DISTRICT COURT FOR
EMMET COUNTY, Defendant.

No. 61095.

Supreme Court of Iowa.

Sept. 19, 1979.

Rehearing Denied Nov. 8, 1979.

Mark S. Soldat, Algona, pro se.

Thomas J. Miller, Atty. Gen., and Mark B. Mahoney, Asst. County Atty., Spencer, for defendant.

LeGRAND, Justice.

This certiorari action was brought to review the allowance of attorney fees granted

plaintiff for representation of an indigent defendant in a criminal prosecution. We annul the writ.

In May of 1977, plaintiff was appointed to represent Donald Dean Berenger on a charge of operating a motor vehicle while under the influence of an alcoholic beverage. The offense occurred in Clay County, but the trial was held in Emmet County on a change of venue. Defendant was found not guilty. On July 22, 1977, plaintiff filed his claim for $2,461.33 for representing Berenger. The trial court allowed the claim in the reduced amount of $1,717.58.

■ Plaintiff filed a petition for certiorari, alleging the trial court had acted illegally in making the allowance. This is the proper way to challenge a fee allowance. *See Furey v. Crawford County,* 208 N.W.2d 15, 19 (Iowa 1973). We remanded to the trial court for a more specific finding concerning the basis for the allowance. Pursuant to this remand, an evidentiary hearing was held, after which the trial court upheld its original award. We then granted the writ, and the matter is here to determine if the trial court order is illegal.

All events with which we are concerned, including the final award of fees, took place in 1977. This is important because on January 1, 1978, the provisions for fees to appointed counsel underwent a change as part of the general revision of our criminal law.

Prior to January 1, 1978, the matter was controlled by § 775.5, The Code 1977. We set out the pertinent part as follows:

An attorney appointed by the court to defend any person charged with a crime . . . shall be entitled to a reasonable compensation to be decided in each case by the court . . . .

The applicable statute is now § 815.7, The Code 1979, and it provides in part as follows:

An attorney appointed by the court to represent any person charged with a crime . . . shall be entitled to a reasonable compensation *which shall be ordinary and customary charges for like services in the community* to be decided

in each case by a judge of the district court. (Emphasis added).

The significant change was the addition of the emphasized portion in the last quoted statute. Plaintiff concedes that § 815.7 was not in effect at the time the services were rendered or the order allowing fees was entered. However, he claims the change did no more than clarify the earlier statute. He argues he is entitled to have his fee fixed according to the "ordinary and customary charges for like services in the community." In other words, plaintiff says the law has not been changed, only clarified, and asks us to declare § 815.7 is the statute by which his fee should be measured.

■ The trial court correctly rejected this argument. We recognize a statutory amendment may sometimes be resorted to simply to clarify, rather than change, an existing law. *See Kelly v. Brewer,* 239 N.W.2d 109, 114 (Iowa 1976). However, we are not persuaded that was the legislative purpose in this case. We, therefore, hold the matter before us must be decided under § 775.5, The Code. Our review is very limited, and we grant relief only if the trial court abused its discretion. *See Parrish v. Denato,* 262 N.W.2d 281, 284 (Iowa 1978).

First we refer briefly to the record. Plaintiff sought the testimony of lawyers in the third judicial district to establish the ordinary and customary charges in the community. He did this by sending them questionnaires. Some answered, some did not. Those who did not were subpoenaed to appear at the hearing. Eventually a number of lawyers testified, either by written statement or in person. There was no objection to the written statements being received as evidence. The results were mixed. There is evidence to justify plaintiff's contention that the fee should have been greater; there is also evidence to support the fee as allowed.

■ In considering this matter, we look to several well-established principles. Attorneys are not expected to defend an accused gratuitously. *Woodbury County v. Anderson,* 164 N.W.2d 129, 132 (Iowa 1969);

*Schmidt v. Uhlenhopp,* 258 Iowa 771, 775, 140 N.W.2d 118, 122 (1966). Neither are they entitled to compensation on the same basis as they might justifiably charge one who had privately engaged them.

In *Woodbury County,* 164 N.W.2d at 132, we said:

> However, [§ 775.5, The Code] does not purport to provide full compensation nor is it intended to permit payment of fees in such cases which would be charged to nonindigent clients. Its purpose is to insure representation of an indigent defendant in a criminal case on a basis which would alleviate the financial burden on individual lawyers in light of the developing law of an indigent's right to counsel under recent decisions of the United States Supreme Court and this court.

The reasons for this have been stated in various ways by a number of courts. In all of them, however, an important consideration is the recognized duty of a lawyer to represent the defenseless and the oppressed. *Jackson v. State,* 413 P.2d 488, 491 (Alaska 1966); *Lascher v. State,* 64 Cal.2d 687, 51 Cal.Rptr. 270, 414 P.2d 398, 400, *cert. denied,* 385 U.S. 928, 87 S.Ct. 287, 17 L.Ed.2d 211 (1966); *Lindh v. O'Hara,* 325 A.2d 84, 93 (Del.1974); *Warner v. Commonwealth,* 400 S.W.2d 209, 211 (Ky.App.1966); *State v. Rush,* 46 N.J. 399, 217 A.2d 441, 447–48 (1966); *State v. Lehirondelle,* 15 Wash.App. 502, 550 P.2d 33, 34 (1976); *State v. Sidney,* 66 Wis.2d 602, 225 N.W.2d 438, 442 (1975). *Contra, Baer v. O'Keefe,* 235 N.W.2d 885, 891 (N.D.1975).

In *Gant v. State,* 216 So.2d 44, 47 (Fla. Dist.Ct.App.1968), the court said:

> Attorneys rendering services pursuant to appointment by the court . . . should not expect, nor are they entitled as a matter of right to receive compensation in amounts commensurate with that which would normally be paid for similar services emanating from a voluntary-attorney client relationship.

In *Bennet v. Davis County,* 26 Utah 2d 225, 487 P.2d 1271, 1272 (1971), the court stated its position this way:

The objective of this corrective legislation [allowing fees for court appointed lawyers] was to ameliorate the prior condition, wherein an officer of the court was compelled to contribute his time and efforts gratuitously. Considered within this context, there is no basis to hold that "reasonable compensation" is synonymous with the rate which an attorney might charge for legal services in his private practice.

■ The court has broad discretion in fixing fees. *Parrish v. Denato,* 262 N.W.2d at 284. This poses both advantages and dangers. On this subject we quote from the ABA *Standard Relating to Providing Defense Services,* commentary to § 2.4(a) at 31 (1967):

> The advantage in giving freedom to the court to set the fee is the opportunity this provides for recognition of the variation in the true value of the services rendered according to the complexity and intricacy of each particular case. On the other hand, the greater such freedom, the greater is the risk of inequalities in the compensation of different lawyers who provide essentially the same services. It is most important to the vitality of the system that the public be confident that its resources are not being distributed with excessive liberality.

We noted this need for uniformity in *Parrish v. Denato,* 262 N.W.2d at 287, and, earlier, in *Furey v. Crawford County,* 208 N.W.2d at 18, we suggested a procedure designed to avoid inequality in fee allowances.

■ Under this record, we conclude the trial court did not abuse its discretion in fixing plaintiff's fee. Plaintiff sought to prove his claim by the opinion of other lawyers. We have held this is proper, although such evidence is not binding on the court. *Parrish v. Denato,* 262 N.W.2d at 285. However, plaintiff directed his questions toward eliciting their *individual* charges. We think plaintiff thereby failed to provide the trial court any sound basis for determining a reasonable fee. The

charges made by individual lawyers is not the test. A lawyer should be asked to state, if he can, his opinion of the value of services based on a "*general* knowledge of the customary and reasonable charges . . . for services similar to those for which compensation is sought." *Parrish,* 262 N.W.2d at 286 (emphasis added).

Even giving plaintiff's evidence the benefit of every inference and resolving all doubts in his favor, we can find no basis to say the trial court abused its discretion. As finally amended, plaintiff's application asked for a fee of $35.00 per hour for 89.75 hours of work. (He had originally asked for $25.00 per hour. Apparently the amendment was prompted by the evidence at the hearing on the claim for attorney fees.)

The trial court ordered compensation on the basis of $25.00 for 60 hours. In refusing to approve plaintiff's time record of 89 hours, the trial court expressed doubt a lawyer should "spend two full working weeks of almost 45 hours in the defense of any OMVUI case." Of course, a lawyer must determine for himself what is necessary and proper preparation in a given case. However, the court has a corresponding duty to decide what was *reasonable* when the matter of fees is reached. In *In re Condemnation of Lands,* 261 Iowa 146, 153, 153 N.W.2d 706, 710 (1967) we said:

> But counsels' estimate of the reasonable number of hours necessary for preparation to satisfy their own professional ethics, however commendable, cannot bind the court. The determination of reasonable attorney fees must be made within the context of the whole case including the entire amount of money involved, the principles at stake and other matters noted.

On this subject, too, the Wisconsin Supreme Court said in *State v. Sidney,* 225 N.W.2d at 441, quoting approvingly from *State v. DeKeyser,* 29 Wis.2d 132, 138 N.W.2d 129, 131 (1965):

> Reasonable men may differ over the value of legal services and there is no question of an attorney's integrity in-

volved when a court differs with him as to the necessity or value of services rendered.

The trial court in the exercise of a sound discretion must be the final arbiter of what is reasonable and proper in each case.

Plaintiff attacks the impartiality of the trial court. We do not believe the record bears him out. Plaintiff challenged many rulings and complains bitterly that they were erroneous. He does not, however, assign them as error. He says only that they demonstrate the trial court's prejudice against him. While the record discloses the trial court and plaintiff were not on the most cordial terms, we find nothing to justify plaintiff's complaint that he got neither a fair hearing nor a just result.

We have not disregarded the fact that the burden of representing indigents falls upon a small segment of the bar, rather than all lawyers, as was originally intended. *See Abodeely v. County of Worcester,* 352 Mass. 719, 227 N.E.2d 486, 489 (1967). This is an inequality which trial courts should try to minimize as much as possible. Lawyers generally should also be more willing to accept court appointments, even at some inconvenience and financial sacrifice to themselves, so that the profession may better discharge what has traditionally been the lawyer's obligation to assist courts in the administration of justice.

Using the factors listed in *Furey v. Crawford County,* 208 N.W.2d at 18 and *Parrish v. Denato,* 262 N.W.2d at 285, we hold there is no merit to plaintiff's complaint the fee allowed is unreasonable or that the trial court acted illegally. We do not consider plaintiff's request for additional fees incurred for services since the original award, including time spent on this certiorari action, because we find no statutory authority for such a claim.

We do not express any opinion as to the effect of present code § 815.7 on a lawyer's claim for compensation in the representation of indigent defendants by court appointment. That matter must await a proper case reaching us by appeal under that section.

Costs are assessed against plaintiff.

WRIT ANNULLED.

All Justices concur except REYNOLD-SON, C. J., and McCORMICK, J., who concur specially.

McCORMICK, Justice (concurring specially).

I concur in the court's opinion because I believe it correctly construes and applies section 775.5, The Code 1977, which governs the allowance of attorney fees in this case. Under section 775.5, the trial court must determine the *necessity* and *value* of the attorney's services in awarding reasonable compensation. Here the trial court reduced plaintiff's compensable time from eighty-nine to sixty hours on the basis of the necessity factor and from $35.00 per hour to $25.00 per hour on the basis of the criteria affecting value delineated in our cases.

Prominent among the criteria affecting value is the principle that section 775.5 does not purport to provide full compensation or to permit fees equal to those for like serv-ices in the community to nonindigents. *See Woodbury County v. Anderson,* 164 N.W.2d 129, 132 (Iowa 1969). The lawyer is expected to make a financial sacrifice in defending indigents because of his professional responsibility to represent the defenseless and the oppressed.

Whether this sacrifice is demanded under section 815.7, The Code 1979, remains to be decided. In joining the court's opinion, I do not wish to be understood as questioning the legislature's right to provide for full compensation of court-appointed attorneys on the basis of customary charges for like services in the community to nonindigents.

REYNOLDSON, C. J., joins this special concurrence.