John G. HINDE and the Legal Services Corporation of Iowa, Appellant,

v.

The IOWA DISTRICT COURT FOR MILLS COUNTY, Paul H. Sulhoff, Chief Judge, Appellees.

No. 65361.

Supreme Court of Iowa.

Oct. 21, 1981.

Janice M. Wooley, Council Bluffs, for appellant.

H. Walter Green, Mills County Atty., for appellees.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

LARSON, Justice.

John G. Hinde, an attorney employed by the Legal Services Corporation of Iowa, was appointed to represent a defendant in a criminal case "at [Mills] county expense" by the district court. Following the conclusion of the case, an application for attorney's fees was submitted pursuant to section 815.-7, The Code 1981, with an itemized statement of time expended, and an affidavit by Hinde relating the circumstances of his appointment. The affidavit disclosed Hinde had previously represented the defendant, Alice Kopiasz, in an administrative hearing involving her alleged fraudulent claims for ADC benefits. Because of his familiarity with the facts, Hinde followed the case when it later was presented in criminal court. The affidavit also stated that Hinde's work on the Kopiasz case precluded his rendering legal services for other eligible clients and expanded on the reasonableness of the statement submitted, ($1,144.00). The fee, according to the affidavit, would go to the Legal Services offices, not to Hinde personally. The district court refused to allow a fee, and this petition for writ of certiorari followed. We sustain the writ.

Section 815.7 provides for payment of attorney's fees for the representation of indigents:

An attorney appointed by the court to represent any person charged with a crime in this state shall be entitled to a reasonable compensation which shall be the ordinary and customary charges for like services in the community to be decided in each case by a judge of the district court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice. . . .

This statute, and its predecessor, section 775.5, The Code 1977, have been discussed in several recent cases, e. g., Hulse v. Wifvat, 306 N.W.2d 707, 708–12 (Iowa 1981); State v. District Court, 286 N.W.2d 22, 23–24 (Iowa 1979); Soldat v. District Court, 283 N.W.2d 497, 498–99 (Iowa 1979). In con-

trast to those cases, however, which concerned the manner of computing the *amount* of fees and the issue of whether section 815.7 effected a change in the criteria for their computation, the present case presents the issue of whether a legal services attorney is entitled to *any* fee.

At the outset we point out the distinction between Legal Services Corporation of Iowa, a corporation with its genesis in federal statutes, 42 U.S.C. § 2996b[1] and a public defender's office, established by chapter 336A, The Code, and supported by county court funds. Section 336A.3(2) requires that the public defender represent indigents without charge. There is no such statutory prohibition as to payment of legal services' attorneys.

 In an analogous case, *Oldham v. Ehrlich*, 617 F.2d 163, 168–69 (8th Cir. 1980), the court of appeals concluded it was error for the district court to reduce the attorney's fees for the prevailing parties in a section-1981 case because they were represented by a legal aid office. It pointed out that the recovery for attorney's fees under 42 U.S.C. § 1988, permitted no distinction between private attorneys and those employed by legal aid organizations, and that opposing parties should not be benefited by the fortuity that a plaintiff could not hire private counsel. 617 F.2d at 168–69. We believe the same reasoning dictates a similar holding here: Section 815.7 makes no distinction between private attorneys and others, and to permit employment of a legal services attorney would be an unjustified windfall to the county court fund at the expense of the Legal Services Corporation and its other clients. *Cf. Lund v. Affleck*, 587 F.2d 75, 76 (1st Cir. 1978) (award of attorneys fees in civil rights case to be made notwithstanding prevailing party represented by Legal Services Corporation); *Perez v. Rodriguez Bou*, 575 F.2d 21, 24 (1st Cir. 1978) (same); *Rodriguez v. Taylor*, 569 F.2d 1231, 1244–46 (3d Cir. 1977), *cert. de-*

*nied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978) (age discrimination case; fees ordered for Legal Services Corporation). It was improper for the district court to refuse payment of fees to the plaintiff. The *amount* of the fees allowed must, of course, be set by the district court in the exercise of its independent judgment. *Hulse v. Wifvat*, 306 N.W.2d at 710.

WRIT SUSTAINED.

---

1. While section 2996b provides that a legal service corporation shall provide assistance in "noncriminal" proceedings, section 2996f(b)(2) recognizes its authority to represent a defendant in a misdemeanor case, such as that charged here. *See* §§ 239.14; 714.8(10); 714.-11(1). In any event, the legal services corporation's authority under federal law to represent an indigent defendant in a criminal case is not challenged.